STATE OF HAWAII, Plaintiff-Appellee, *v.* BARBARA JEAN MARTIN, Defendant-Appellant

NO. 5671

MAY 14, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA
AND MENOR, JJ., AND CIRCUIT JUDGE FONG
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY FONG, CIRCUIT JUDGE

Defendant (appellant), a 19-year-old, entered a plea of guilty to the charge of theft in the third degree. Thereafter, appellant's counsel moved that the district court judge defer the acceptance of appellant's guilty plea and refer the matter to the court counselling service for pre-sentence diagnosis and recommendation on said motion. No objection was made to this motion by the State (appellee). The district court judge summarily rejected said motion, emphasizing, as he had in the past, that he did not and would not under any circumstances consider any motion for deferred acceptance of a guilty plea (hereinafter DAG plea).

The appellant was thereafter referred to the district court counselling service[1] which recommended that, based on the appellant's lack of any prior criminal record or any academic or disciplinary problems, gainful employment and good character and reputation, the motion for DAG plea had merit and was worthy of consideration. Despite said recommendation, however, the district court judge reaffirmed his earlier expressed rigid position in denying the motion for a DAG plea. He then refused to entertain appellant's oral motion to transfer the case to another judge. He also denied appellant's right to conduct proper cross-examination of a witness he had questioned on the stand regarding the practice of DAG pleas, both in district court and circuit court. Moreover, at the time of sentencing, which thereafter occurred, the district court judge would not entertain oral argument or comment by appellant's counsel or hear from the appellant prior to imposing sentence. The district court judge's actions constituted reversible error.

---

[1] Though originally the court indicated it would not require a pre-sentence report, it relented when it was pointed out by appellant's counsel that since appellant was under 22 years of age the court was mandated by HRS § 706-601(1) (b) to order a pre-sentence diagnosis report to be made prior to sentencing.

A trial judge in the disposition of any matter before him, particularly in the sentencing process, should always consider all of the possible alternatives available. Inherent in the court's power in the disposition of a matter properly before him is the power to grant or deny, where applicable, a motion for DAG plea. While this practice[2] is not expressly incorporated in any statutory provision, such power is necessarily implicit in the proper and orderly administration of justice.

Whether a court grants or denies a motion for DAG plea, when seasonably made, is properly within the discretionary province of a trial judge. It is also abundantly clear that when properly exercised, the judge's discretionary action will not be disturbed on appeal unless there has been a plain and manifest abuse of such a discretion. *State v. Sacoco and Cuaresma,* 45 Haw. 288, 367 P.2d 11 (1961). Normally, there is no readily available yardstick or measuring device to determine whether a court has exceeded its authority or acted beyond the bounds of reason or disregarded rules or principles of law to the substantial detriment of a litigant in arriving at a decision. Where, however, as here, the sentencing judge, arbitrarily and capriciously, refuses to entertain at any time a seasonable and proper motion made by a defendant for DAG plea, we hold that such judicial conduct is improper, and prejudicially denies appellant due process of law. By blind adherence to predetermined rigid conduct, the court precluded any enlightened and just resolve of the criminal charge placed against appellant. *See United States v. Brown,* 470 F.2d 285 (2d Cir. 1972); *United States v. McCoy,* 429 F.2d 739 (D.C. Cir. 1970). Discretionary action must be exercised on a case-by-case basis, not by any inflexible blanket policy of denial. *Briscoe v. United States,* 391 F.2d 984 (D.C. Cir. 1968); *Leach v. United States,* 320 F.2d 670 (D.C. Cir 1963).

---

[2] None of the parties to this appeal have raised the legality of the Deferred Acceptance of Plea Program which has been in effect in the district court since 1971, along with the district court counselling service which is involved in the disposition of DAG pleas. A similar DAG Program has also been instituted in the circuit court. In fact, the Chief Justice in his annual report for the fiscal year 1970-71 commented on the development of the Deferred Acceptance of Plea Program.

Moreover, the court also erred in refusing to accord appellant or her counsel an opportunity required under HRS § 701-604 of the Hawaii Penal Code to be heard and to supplement the pre-sentence report prior to imposing sentence in this case. *State v. Kunz,* 55 N.J. 128, 144, 259 A.2d 895, 903 (1969).

Accordingly, we reverse and remand this case for further proceedings in conformity with this opinion with instructions to the administrative judge that this matter be assigned to another district court judge.

*Simeon R. Acoba, Jr.,* for defendant-appellant.

*George St. Sure,* Deputy Prosecuting Attorney, for plaintiff-appellee.

