STATE OF HAWAII, Plaintiff-Appellee *v.* KENNETH ANTHONY GUMIENNY, Defendant-Appellant

NO. 5796

AUGUST 29, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KIDWELL, J.

This appeal arises from a conviction based upon a negotiated guilty plea, and presents the question whether such a plea should be permitted to be withdrawn where, although the prosecution observes the terms of its bargain, the trial judge does not dispose of the case as contemplated by the plea bargain. We affirm the refusal of the trial judge to permit the withdrawal of the guilty plea.

Appellant originally pleaded not guilty of the offense of promoting a detrimental drug in the first degree, a Class C felony for which the maximum length of imprisonment (exclusive of extended term) is five years. The indictment charged Appellant jointly with a codefendant, and Appellant filed motions for severance, to suppress and to dismiss. Appellant subsequently changed his plea to guilty, upon an agreement by the prosecution to join in an accompanying motion for deferred acceptance of the guilty plea (DAGP).[1] A hearing was held before the trial judge, at which the guilty plea was tendered, the motion was made by Appellant and joined in by the prosecutor, and the plea and motion were taken under advisement. Upon receipt of the presentence report, the trial judge denied the motion, accepted the guilty plea, imposed a fine of $1000 and placed Appellant on probation for five years with 30 days of confinement in jail. Appellant's motion for reconsideration or in the alternative to withdraw the guilty plea was denied, and this appeal followed.

At the plea taking, the trial judge was informed that the prosecution joined in Appellant's motion for deferred acceptance of his guilty plea, but that there was no other kind of

---

[1] The deferred acceptance of guilty plea program in effect at the time Appellant's guilty plea was accepted is described in *State v. Martin*, 56 Haw. 292, 535 P.2d 127 (1975). Act 154, Session Laws 1976, now provides for deferral of further proceedings upon a voluntary plea of guilty, without adjudication of guilt, and for the dismissal of the charge upon compliance by the defendant with the conditions established by the court. The Act authorizes the court, upon denial of a motion for this disposition of the defendant, either to accept the plea of guilty or to allow the defendant to withdraw his plea for good cause.

understanding or agreement. The trial judge asked Appellant a number of questions and Appellant acknowledged that he understood that the court was not bound to grant the motion and might impose a sentence of up to five years and a fine of up to $5000. It does not appear from the record that the trial judge had any knowledge of the details of the offense at the time of the plea taking, except that Appellant stated, when asked what he had done that made him believe he was guilty of the charge, that he had carried a suitcase of marijuana into a room. The presentence report, which recommended against deferred acceptance of the guilty plea on the ground that Appellant was in need of supervision, informed the trial judge that Appellant had admitted that he had made a deal with his codefendant to sell a third party eight pounds of marijuana for $1400, and that as he was delivering the marijuana he was arrested. After receipt of the presentence report the judge denied the motion for deferred acceptance of guilty plea on the stated ground that the offense consisted of "plain 'pushing' on a big basis."[2]

The points raised by Appellant on the appeal revolve around the central question of the fairness of the procedure which resulted in the acceptance of Appellant's guilty plea and the denial of the accompanying motion. Appellant argues that the DAGP program denies a defendant due process because it requires submission of a guilty plea as a prerequisite to consideration of a motion for its deferred acceptance; that Appellant's plea of guilty was not voluntary in a constitutional sense because it was made without knowledge that the trial judge was unwilling to defer acceptance of a plea of guilty of an offense involving a sale of marijuana; and that the failure of the trial judge to inform Appellant of that unwillingness so

---

[2] Appellant contends that he was improperly denied an opportunity to present testimony to controvert the unfavorable presentence report. HRS § 706-604. The record shows only that Appellant's counsel informed the court that he had witnesses present "but if that's not going to be persuasive, I don't want to engage in that effort." The trial judge responded that he felt "firm" about acceptance of the guilty plea. We see no denial of Appellant's statutory right to controvert the presentence report.

misled Appellant that due process requires that he be permitted to withdraw the plea.

Appellant's arguments rest on the central premise that it is unfair to hold him to his bargain with the prosecution when his expectation that the trial judge would concur in the prosecution's recommendation of DAGP was not fulfilled. It is no longer debatable that a defendant is entitled to relief if the prosecution defaults in the performance of its part of a plea bargain.[3] *Santobello v. New York,* 404 U.S. 257 (1971). However, the refusal of the trial judge to dispose of the defendant as contemplated by a plea agreement, at least where the trial judge has not been a party to the agreement, presents a question on which there is sharp division. In some of the major jurisdictions it is firmly held that the defendant receives everything he bargained for when the prosecution fulfills its bargain by dismissing counts, reducing the charge, recommending sentence or the like, and that the possibility that the trial court may not accept the recommendation of the prosecution or otherwise fulfill the defendant's expectation is a chance which he must be compelled to take in order to preserve the independence of the trial court from the plea bargaining process. *People v. Selikoff,* 35 N.Y.2d 227, 360 N.Y.S.2d 623, 318 N.E.2d 784 (1974); *Commonwealth v. Stanton,* 317 N.E.2d 487 (Mass. App. 1974); *cert. den.* 366 Mass. 852; *Huffman v. State,* 499 S.W.2d 565 (Mo. App. 1973); *Gibson v. State,* 532 S.W.2d 69 (Tex. Cr. App. 1975), *cert. den.* 429 U.S. 822; *State v. Ramos,* 85 N.M. 438, 512 P.2d 1274 (1973). Additional cases are collected in an annotation: Right to withdraw guilty plea in state criminal court when court refuses to grant concession contemplated by plea bargain, 66 A.L.R.3d 902 (1975). There is equally impressive authority for the view that where a guilty plea is induced by the defendant's reasonable expectation that the prosecution's recommendation will be accepted by the court,

---

[3] Plea bargaining is now governed by Rule 11(e), Hawaii Rules of Penal Procedure, effective January 1, 1977. Failure by the prosecutor to comply with an agreement is ground for withdrawal of the plea. However, the court may not participate in the plea argument and is not bound thereby.

the plea must be permitted to be withdrawn if the court refuses its concurrence. *Commonwealth v. Wilson,* 234 Pa. Super. 57, 335 A.2d 777 (1975); *Watson v. State,* 261 Ind. 97, 300 N.E.2d 354 (1973); *State v. Fisher,* 223 N.W.2d 243 (Iowa 1974); *Quintana v. Robinson,* 31 Conn. Supp. 22, 319 A.2d 515 (Conn. 1973); *King v. State,* 553 P.2d 529 (Okla. Cr. App. 1976); *State v. Nuss,* 131 N.J. Super. 502, 330 A.2d 610 (1974); *State v. Goodrich,* 363 A.2d 425 (N.H. 1976). The federal rules of criminal procedure provide, by Rule 11, that a court which rejects a plea agreement must permit the defendant to withdraw his guilty plea.

We must consider both whether the procedure followed in this case complied with constitutional requirements and whether we should reverse the trial judge's action in the exercise of our supervisory power. We look first at the constitutional question.

I.

In *Santobello v. New York, supra,* due process was held to require that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Clearly, a promise or agreement of the trial judge must be given the same effect. *Davis v. State,* 308 So.2d 27 (Fla. 1975). Whether a defendant has a constitutional right to rely upon the assurance of a prosecutor that the trial judge will accept the plea bargain and dispose of the defendant in accordance with its terms is at least debatable. *Cf., Machibroda v. United States,* 368 U.S. 487 (1962); *People v. Selikoff, supra.* That question is not before us. We do not have here either a promise by the trial judge or an assurance by the prosecutor that Appellant's motion for DAGP would be granted.

The record shows that the trial judge took considerable care to establish an understanding by Appellant that he could not rely upon an expectation that the judge would accede to the request of the prosecutor that DAGP be granted. The judge first informed Appellant that the court had been told

that, in return for the guilty plea, the prosecution was willing to join in the motion for DAGP. With this as the background, Appellant informed the judge that he was aware that a penalty of five years imprisonment and $5000 fine might be imposed. The judge also specifically informed Appellant that the joinder by the prosecution in his motion did not bind the court to grant it, and Appellant acknowledged that he understood this. There is no suggestion that Appellant did not fully understand what was said to and by him. The only suggestion that the plea was induced by any false or unfulfilled representation or promise by the prosecution, defense counsel, the judge or any other person is in the contention of Appellant that the judge misled him by failing to make him aware that DAGP would not be granted in a case involving an attempted sale of marijuana.

Appellant contends that the judge was governed by a self-imposed "rule" which required denial of DAGP in any case involving a sale of marijuana. However, this contention is not supported by the record. The record shows only that the judge had reached the conclusion, at the time of sentencing, that the fact that the offense involved an effort to consummate a sale of eight pounds of marijuana for $1400 was enough reason to deny DAGP, without consideration of the other matters in the pre-sentence report. The record does not show or suggest that the judge was aware of this fact at the time of the plea taking and we need not consider whether such awareness would have supported Appellant's argument. Under the facts of this case it cannot be said that the case was pre-judged or that the judge did not act in entire good faith in taking the motion for DAGP under advisement pending receipt of the pre-sentence report.

Appellant also seeks to liken the DAGP procedure to those in which impermissible burdens have been placed on the exercise of constitutional rights. In *United States v. Jackson*, 390 U.S. 570 (1968), the Supreme Court struck down that portion of the Federal Kidnaping Act which permitted the imposition of a death penalty only as a result of a jury trial. The possibility of receiving a death penalty was held to impose an impermissible burden on the exercise of a

defendant's constitutional right to a jury trial, because he would not be exposed to the risk of a dealth penalty if he chose to waive a jury or plead guilty. The DAGP procedure has no effect upon the penalty which may be imposed after a conviction, whatever the plea. Just as the opportunity to plead guilty to a lesser offense pursuant to a plea bargain may constitute an inducement to a defendant to forego exercise of his constitutional right to a trial by jury, the possibility that acceptance of a guilty plea might be deferred and the charge might eventually be dismissed may constitute a similar inducement to a defendant. Yet the principle of *Jackson* clearly does not extend to the inducement to forego a jury trial which accompanies a proposal that a defendant plead guilty to a lesser offense. We see no better reason to extend it to the DAGP procedure.

A plea of guilty is not other than intelligent and voluntary merely because the defendant has an expectation, however well-founded, that the judge will concur in a plea bargain, if that expectation was not induced by any representation or promise made to the defendant. Accordingly, we conclude that no lack of due process in the acceptance of his plea has been made out by Appellant. We turn now to consideration whether we should reverse the action of the trial judge in the exercise of our supervisory power.

II.

Prior to January 1, 1977, Rule 32(d) of the Hawaii Rules of Criminal Procedure provided:[4]

(d) *Withdrawal of Plea of Guilty*. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

---

[4] Rule 32(d) of the Hawaii Rules of Penal Procedure, which became effective January 1, 1977, is identical except for the substitution of "shall" for "may" in the second clause, dealing with withdrawals of pleas after sentence.

The American Bar Association Standards of Criminal Justice relating to Pleas of Guilty, § 2.1, similarly defines the standard to be applied to a withdrawal of a plea as of right, whether before or after sentence, as that "withdrawal is necessary to correct a manifest injustice."

In *State v. McCoy,* 51 Haw. 34, 449 P.2d 127 (1968), we found no abuse of discretion in the trial judge's denial of the withdrawal of a plea of guilty, although the request for leave to withdraw the plea was made prior to sentencing. However, plea bargaining was not involved. The reason advanced by the defendant for withdrawing his plea of guilty was that he had earlier feared retaliation by his codefendants if he did not so plead, a reason which had nothing to do with the process of plea bargaining. We have for consideration here whether the defendant should be held to his plea of guilty where the trial judge was informed that the guilty plea was induced by a plea bargain and the plea bargain is, in effect, rejected by the judge. The question is one of policy, to be resolved under our supervisory power.

Comparison of cases and standards dealing with this question is confused by differences in the role played by the trial judge in different plea bargaining procedures. Under the federal rules of criminal procedure it is contemplated that the judge will, at some point, accept or reject the plea agreement. Federal Rule 11(e) (4) provides expressly that, if the judge rejects the plea agreement, he shall then afford the defendant an opportunity to withdraw his guilty plea. Our procedural rules have never contemplated any participation by the trial judge in a plea bargaining procedure. We have, since this case arose, by promulgation of the Hawaii Rules of Penal Procedure, determined that the judge should not participate in plea bargaining even to the limited extent of tentatively accepting or rejecting the plea agreement. The question the present case presents should be approached from that viewpoint.

The ABA Standards suggest a procedure by which a defendant may, before committing himself to the plea bargain, secure the assurance of the trial judge that he will

concur in the proposed disposition if the information in the pre-sentence report is consistent with the representations made to him. In § 2.1, the Standards provide that withdrawal of the plea must be permitted where the judge ultimately rejects a plea agreement after giving such tentative concurrence at the time the plea was accepted. The rationale for permitting the defendant to withdraw his plea if the judge subsequently decides not to accept the plea agreement is expressed in the commentary to § 3.3(b) as follows:

> [E]ven though the prior concurrence of the trial judge was conditional, so that strictly speaking his later decision on final disposition is not contradictory, it nonetheless seems fair to give the defendant an opportunity to withdraw his plea. If the judge were not to give the defendant this chance, but instead held the defendant to his plea and refused to grant the concessions contemplated in the plea agreement, the defendant would probably believe that he had been dealt with unfairly. There are obvious reasons, from a correctional standpoint, why a defendant should be satisfied that he was treated fairly when he arrives at the penitentiary.

On the other hand, the ABA Standards would permit the trial judge to refuse to provide any response, even tentative, to the plea agreement prior to sentencing. If the defendant, faced with the uncertainty which this would create, should nevertheless then choose to plead guilty in reliance upon the plea bargain, the Standards would not call for any subsequent opportunity to withdraw the plea even though the judge finally rejected the plea bargain and dealt more harshly with the defendant. The action of the trial judge in the case before us thus falls within the rationale of the Standards, unless some difference is seen in the fact that Appellant had no opportunity to present the bargain to the trial judge for tentative approval and was required to run the risk of ultimate rejection of the plea agreement by the judge without the protection which tentative concurrence would have afforded.

In view of the conscientious effort by the trial judge to dispel any false expectations, Appellant does not have the

reasons for believing himself unfairly treated which underlie the ABA Standards rationale for permitting withdrawal of a plea entered following tentative approval of a plea bargain by the trial judge. It is not contended that Appellant relied upon any prediction by the prosecutor or his counsel that the trial judge would grant the DAGP motion. The independence of the trial judge from the plea bargaining process must be a paramount consideration in our review of plea bargaining procedures. If a mere expectation that a plea bargain would be accepted by the judge were sufficient to entitle a defendant to withdraw his plea upon rejection of the bargain by the judge, there would be an incentive for the judge to interject himself into the plea bargaining process at the plea hearing. To preserve the complete removal of the judge from this involvement, a majority of this court considers that such an expectation, notwithstanding that it may be reasonable, is an insufficient premise upon which to permit withdrawal of the plea, absent a showing that the expectation was improperly induced.

The judgment is affirmed.

*Paul E. DiBianco (James A. Wagner* on the briefs) for Defendant-Appellant.

*Winston K. Q. Wong,* Deputy Prosecuting Attorney, for Plaintiff-Appellee.