STATE OF HAWAII, Plaintiff-Appellee, *v.* BUCK
BUCHANAN, Defendant-Appellant

NO. 5906

SEPTEMBER 12, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* Appellant was charged with carrying a re-
volver without a permit in violation of HRS § 134-9. He
tendered a plea of guilty accompanied by a motion for defer-
red acceptance of guilty plea (DAGP), in which motion the
prosecuting attorney joined. The motion was referred to the
Adult Probation division for report and recommendation.
Upon receipt of the report, which appears from references in
the transcript to have been favorable to the motion but which
is not in the record, and after hearing witnesses presented by
appellant, the circuit court denied the motion, accepted the
guilty plea and sentenced appellant to five years probation.

These proceedings were prior to the effective date of HRS
§ 853-1, which provides for deferred acceptance of a guilty
plea at the discretion of the court.[1] Appellant contends that
the DAGP motion in this case should be regarded as a motion
by the prosecuting attorney for dismissal of the charge, and
that the court must grant such a motion in the absence of a
finding of abuse of prosecutorial discretion. The State con-
curs in appellant's characterization of the motion as one for

---

[1] The DAGP program then in effect is described in *State v. Martin*, 56 Haw. 292,
535 P.2d 127 (1975).

dismissal but contends that it was properly denied in the exercise of the court's discretion.

In *State v. Gumienny*, 58 Haw. 304, 568 P.2d 1194 (1977), a similar DAGP motion, joined in by the prosecuting attorney, was denied by the circuit court and a post-sentence motion to withdraw the guilty plea was also denied. We sustained the refusal of the court to permit withdrawal of the guilty plea as within its discretion. We did not expressly consider whether the court was without discretion to deny the motion in the absence of prosecutorial abuse, but it would be difficult to reconcile our decision in *Gumienny* with appellant's contentions in this case.

Both parties acknowledge that the guilty plea and DAGP motion were the product of a plea agreement. Appellant concedes in his briefs that the DAGP motion contemplated the entry of an order deferring acceptance of the guilty plea on stated conditions and providing that if appellant should default in performance of the conditions the plea would be accepted and sentence would be imposed. It may be inferred from the argument of defendant's counsel to the circuit court that the conditions of the proposed DAGP order were included in the plea agreement, although they are not disclosed by the record. We think it is clear that more was asked of the circuit court than mere acceptance or rejection of a motion to dismiss the charge. The court could not have disposed of the DAGP motion without accepting or modifying the conditions as contained in the plea agreement.

The DAGP motion was thus addressed to the court's discretion, whether or not the DAGP order would have constituted a "disposition" of appellant. We think it would be impracticable to view the court's discretion as confined to the conditions of the DAGP order and as not embracing the grant or denial of the motion. *Gumienny* strongly endorses the principle that plea bargaining may not control the exercise of the court's discretion. It is a corollary that the court's discretion may not be usurped by the prosecuting attorney. Whatever may be the limits upon the court's discretion in considering a motion for unconditional dismissal of the charge, denial of the DAGP motion in this case may be reversed only upon a

showing of abuse of the court's discretion.

In *State v. Martin,* 56 Haw. 292, 535 P.2d 127 (1975), we held that refusal to entertain a DAGP motion constituted an abuse of the discretion of the trial court. The record in the present case shows consideration of the DAGP motion on its merits, and denial of the motion only after review by the court of the circumstances of the offense. as well as testimony offered by appellant. However persuasive we might regard appellant's presentation in support of the motion, the reasons expressed by the court in denying the motion are relevant and significant. No abuse of discretion appears.

The judgment is affirmed.

*Evan R. Shirley (Shirley & Jordan* of counsel) for defendant-appellant.

*Paul H. Toyozaki,* Deputy Prosecuting Attorney, City & County of Honolulu, for plaintiff-appellee.