STATE OF HAWAII, Plaintiff-Appellant, *v.* RORY MAYO, Defendant-Appellee

NO. 7447

JUNE 3, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* The question to be determined by this court is whether defendant may be retried for rape in the first degree, § 707-730(1)(a), HRS, and kidnapping, § 707-720(1)(d), HRS, in the face of defendant's allegations that a retrial would subject him to double jeopardy[1] because his first trial was "improperly terminated"[2] by the trial judge who sua sponte declared a mistrial upon the following undisputed facts.

---

[1] Fifth amendment, U.S. Constitution, and art. I, § 10, Hawaii State Constitution.

[2] § 701-110 *When prosecution is barred by former prosecution for the same offense.* When a prosecution is for an offense under the same statutory provision and is based

On April 2, 1979, the first day of defendant's first trial, before the jury panel was sworn, the following colloquy took place in the judge's chambers:

THE COURT: Okay now, this has to do with a case that's going to trial this morning: Rory Mayo's case. I just remembered it. I'd almost forgotten about it; but I just want to disclose to Counsel about a fact. About a month or two ago, I don't even remember exactly the time, Rory Mayo and a woman friend came to my home to offer me something in a package as a gift. There was no explanation made other than they wanted to give me a gift, and, of course, I declined and said I was in no position to accept anything of that sort. And they kind of, you know, tried to persuade me to accept it, and I finally convinced them that I cannot accept it, and they left.

Now, I don't think it means anything very much but I thought I better let you people know. As a matter of fact, I thought about it this morning, and then I thought "Now, should I disclose it before the trial or after the trial?" and I decided I better do it before the trial. So that's it.

MR. LOWENTHAL: Has it affected your feelings at all about him or the case?

THE COURT: Well, I have feelings about it, but I don't think it will affect the case.

MR. LOWENTHAL: Okay.

THE COURT: Okay, anything else, so long as we're together?

---

on the same facts as a former prosecution, it is barred by the former prosecution under any of the following circumstances:

. . . .

. . . .

. . . .

(4) *The former prosecution was improperly terminated.* Except as provided in this subsection, there is an improper termination of a prosecution if the termination is for reasons not amounting to an acquittal, and it takes place after the first witness is sworn but before verdict. Termination under any of the following circumstances is not improper: (Emphasis added.)

Nothing else was said about the incident until after the State had called two witnesses and before trial resumed the following morning, when Mr. LaFountaine, the prosecutor, requested a conference and the following occurred:

THE COURT: Okay, the record would note, please, that Mr. LaFountaine and Mr. Lowenthal are present with me in chambers.

Yes, Mr. LaFountaine, you asked for this meeting.

MR. LAFOUNTAINE: I'd like to express our intentions at this time and the intentions on the part of the State, that when Rory Mayo, the Defendant testifies, which we've been informed that he will, we intend to cross-examine him on the area of his attempt to deliver something or some type of gift to your Honor, to the Judge of the case; and I want to inform the Court in advance of our intentions in that area.

THE COURT: All right. Now—

MR. LOWENTHAL: I would, of course, object to his offer of proof or offer, you know, to cross-examine on that area. It'll be irrelevant and immaterial in this case.

THE COURT: Uh-huh. Well, I had earlier disclosed to the parties about the incident that happened one or two months ago. With the declaration of intentions on the part of Mr. LaFountaine; and Mr. Lowenthal, I believe has already expressed his intention to use Mr. Mayo, the Defendant as a witness in his own behalf; I find that it's going to be necessary that I, at this point, to disqualify myself from proceeding further with the trial, and will, on that basis call a mistrial.

THE CLERK: Call a what?

THE COURT: Mistrial. And the matter will be transferred down to Judge Higa's Court, courtroom number one.

MR. LOWENTHAL: I'd like the record to reflect that it is over my objection.

I would also like this aspect of the record, I take it, will be — will not be published.

THE COURT: Well, it's — it's not published now.

MR. LOWENTHAL: Right. Because I feel it certainly would prejudice my client should it appear in the newspaper tomorrow.

MR. LAFOUNTAINE: All I can say is they wont' [*sic*] find out about it from me.

THE COURT: Okay, so I'll inform the jury.

In addition, during defense's opening statement, the jury was told that the defense intended to have defendant testify, and during oral argument before this court, defense counsel conceded he would have called defendant to testify because of the circumstantial aspect of the State's case against defendant's identity. The State likewise in its oral argument before this court concurred that it had a circumstantial case against defendant as to his identity.

Upon retrial, a defense motion to dismiss on grounds of double jeopardy was granted. The State appealed. We reverse.

The issue has been narrowed to whether there was an absence of manifest necessity for the sua sponte declaration of a mistrial by the trial judge. For we declared in *State v. Pulawa*, 58 Haw. 377, 569 P.2d 900 (1977), that "Where a mistrial is declared without the consent of the defendant, and there is an absence of manifest necessity for the mistrial, a retrial will be barred by double jeopardy."

The thrust of defendant's argument is that the trial court abused its discretion in failing to seek other alternatives before declaring a mistrial, and, therefore, the standard of manifest necessity was not adhered to by the trial judge. We disagree. We hold that under the circumstances of this case, when it became reasonably clear to the trial judge that defendant intended to testify on his behalf and the State intended to cross-examine defendant on matters involving his participation in the purported gift to the trial judge, in order to attack defendant's credibility because evidence as to his identification was circumstantial, and there is reason to believe that the trial judge could be called as a witness, the trial court did not abuse its discretion in declaring a mistrial sua sponte as there was manifest necessity to do so.

The trial court's action will not be disturbed on appeal unless there has been a plain and manifest abuse of discretion. *State v. Martin*, 56 Haw. 292, 535 P.2d 127 (1975).

*John E. Tam (Ralph R. LaFountaine* on the Opening Brief), Deputy Prosecuting Attorneys, County of Maui, for plaintiff-appellant.

*Philip H. Lowenthal* for defendant-appellee.