STATE OF HAWAII, Plaintiff-Appellee, *v.* ARTHUR E. KARWACKI, Defendant-Appellant

NO. 7419

AUGUST 22, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from the Order Denying Defendant's Motion to Reconsider Denial of Deferred Acceptance of Guilty Plea. The only question on appeal is whether the trial court's denial of the motion constitutes a manifest abuse of discretion.

On February 2, 1979, the defendant, a pharmacist, and the State entered into a plea agreement. The plea agreement provided, *inter alia*, that (1) defendant would waive the right to have his case presented to the Grand Jury; (2) defendant would consent to be charged by way of a Complaint; (3) defendant would enter a plea of guilty to the charge of Theft in the First Degree, HRS § 708-831 as specified in the Complaint to be filed; (4) defendant would make full restitution on the false claims submitted to the Hawaii Medical Assistance Program, and (5) although the Attorney General's official

policy was to oppose motions for deferred acceptance of guilty plea, the State agreed to submit a request to the Attorney General for relief from this official policy but without any guarantee that said request would be granted.[1]

On February 16, 1979, defendant appeared in court and, pursuant to the plea agreement, waived indictment and plead guilty to a charge of Theft in the First Degree. The Complaint, in essence, alleged that over the course of three years, defendant had submitted false claims for reimbursement to the Hawaii Medicaid Program and received moneys to which he was not legally entitled.

After the plea of guilty, defendant filed in open court a Motion for a Deferred Acceptance of Guilty Plea (DAGP). At this point the court made it very clear that there was no promise on the part of the court that the motion would be granted:

. . .

> THE COURT: . . . .
> However, Mr. Karwacki, I want you to understand and I want you to understand very clearly this morning your plea of guilty made this morning is unconditionally made without strings attached. And the Court is not promising at this time that your motion will be granted. Do you understand?
> THE DEFENDANT: I understand, Your Honor.
> THE COURT: If the Court turns down your motion, your plea of guilty made today will stand, and the Court will accept it and will find you guilty and will impose a sentence upon you. Do you understand?
> THE DEFENDANT: I understand, yes, sir.

. . .

The court then referred the matter to the Adult Probation Division for recommendation and deferred ruling on the motion.

---

[1] At the time of sentencing the Deputy Attorney General representing the State indicated to the court that the Attorney General denied the request.

On May 16, 1979, after allowing the State, defendant's attorney and the defendant to address the court, and after full consideration of defendant's background and circumstances of the case, the trial judge denied defendant's Motion for DAGP, accepted defendant's guilty plea and sentenced defendant to five years' probation with the special conditions that (1) defendant make restitution in an amount to be determined by the Adult Probation Division, and (2) defendant be confined at the Halawa Correctional Facility for thirty (30) consecutive weekends.

On July 13, 1979, defendant filed a Motion for Reconsideration of Denial of the Motion for DAGP. At the hearing on the motion at the request of defendant's attorney, the court in camera heard the testimony of Dr. Robert C. Marvit, a psychiatrist, who testified on behalf of defendant. Thereafter, the court denied defendant's Motion to Reconsider Denial of DAGP in open court. In denying the motion, the court stated:

. . .

THE COURT: The court has spent many hours reviewing the record in this case. Based upon such records and considering the testimony of Dr. Marvit and the arguments of counsel, and the plea of defendant, and weighing the interest and welfare of the defendant as against that of society, the court again concludes that the deferred acceptance of guilty plea in this case is not warranted. Accordingly, defendant's motion to reconsider denial of deferred acceptance of the guilty plea is denied.

The defendant's main contention on appeal is that the trial court, by denying both the DAGP motion and the Motion to Reconsider, manifestly abused its discretion and in so doing denied defendant due process of law. We disagree.

Whether a court grants or denies a motion for DAGP, when seasonably made, is properly within the discretionary powers of a trial judge and when properly exercised, the judge's dicretionary action will not be disturbed on appeal

unless there has been a plain and manifest abuse of such discretion. *State v. Martin*, 56 Haw. 292, 294 (1975).

Generally to constitute an abuse, it must appear that the court clearly exceeded the bounds of reason or disregarded rules on principles of law or practice to the substantial detriment of a party litigant. *State v. Sacoco*, 45 Haw. 288, 292 (1961).

A close examination of the record in the case shows that the denial of the DAGP motion was made only after a review by the court of the circumstances of the offense, the report on investigation made by the probation office, the possible alternatives available, the statements of defendant's attorney and defendant and the statements of defendant's psychiatrist. The record does not reflect that the sentencing judge acted arbitrarily and capriciously. *State v. Martin, supra.* Our supreme court's statement in *State v. Buchanan*, 59 Haw. 562, 564, 584 P.2d 126 (1978) applies in this case as well: "However persuasive we might regard appellant's presentation in support of the motion, the reasons expressed by the court in denying the motion are relevant and significant. No abuse of discretion appears."

Affirmed.

*Marguerite B. Simson (Evan R. Shirley* on the briefs, *Shirley & Jordan* of counsel) for defendant-appellant.

*James P. Dandar*, Deputy Attorney General, for plaintiff-appellee.