STATE OF HAWAII, Plaintiff-Appellant, *v.* BURNETTE JULES BROWN, JR., Defendant-Appellee

NO. 7842

FEBRUARY 6, 1981

PADGETT, ACTING C.J., BURNS, J., CIRCUIT JUDGE CHANG IN PLACE OF CHIEF JUDGE HAYASHI, DISQUALIFIED

*Per Curiam.* In this case, we affirm the power of the trial judge in a criminal case to hear and grant a motion to defer acceptance of a *nolo contendere*[1] plea.

Defendant was charged with the offense of unauthorized control of propelled vehicle in violation of Hawaii Revised Statutes (HRS) § 708-836 (1976). In response, he filed a Plea of Nolo Contendere and a Motion to Defer Acceptance of Nolo Contendere [Plea].[2]

---

[1] *Nolo contendere.* Latin phrase meaning "I will not contest it". BLACK'S LAW DICTIONARY 945 (5th ed. 1979).

[2] The apparent legal reason for pleading *nolo contendere* is that a plea of *nolo contendere* cannot be used against the defendant in any civil suit, 21 AM. JUR. 2d *Criminal Law* § 502 (1965); HAW.R.EVID. 410(2); whereas, a plea of guilty is admissible as an admission against interest in a subsequent civil action arising out of

The lower court allowed[3] the defendant to plead *nolo contendere*, granted the motion and deferred acceptance of defendant's plea for a period of 36 months on condition that defendant make restitution in the amount of $1,094.36, perform 100 hours of community service, and remain continuously employed or enrolled in an educational or vocational training program.

Defendant contends that HRS chapter 853 impliedly authorizes deferred acceptance of *nolo contendere* (DANC) pleas because for purposes of sentencing there is no difference between a guilty plea and a *nolo contendere* plea; that in order for chapter 853 to withstand an equal protection challenge, the word "guilty" must be deemed to include the words "*nolo contendere*"; and that the trial court has inherent power to defer acceptance of a *nolo contendere* plea.

The trial court's power to grant or deny a motion for deferred acceptance of guilty (DAG) plea is an inherent power. *State v. Martin,* 56 Haw. 292, 535 P.2d 127 (1975); *State v. Gumienny,* 58 Haw. 304, 568 P.2d 1194 (1977); *State v. Buchanan,* 59 Haw. 562, 584 P.2d 126 (1978).

The first question in this case is whether the trial court has inherent power to grant or deny a motion for DANC plea. We hold that it does. In our view, the power to receive a plea necessarily includes the power to defer its acceptance. "[S]uch power is necessarily implicit in the proper and orderly administration of justice." *Martin, supra,* at 294.

The second question is whether chapter 853's conditional authorization of the trial court's power to grant or deny DAG pleas is an implicit prohibition of the trial court's inherent power to grant or deny DANC pleas. We hold that it is not.[4]

---

the same offense, 29 AM. JUR.2d *Evidence* § 701 (1967). However, HRS § 853-1(c) and (d) provide that upon successful compliance with the terms of a DAG plea the court shall discharge the defendant and dismiss the charge and that such discharge and dismissal "shall eliminate any civil admission of guilty".

[3] A defendant may plead *nolo contendere* only with the consent of the court. Hawaii Rules of Penal Procedure, rule 11(b).

[4] We do not reach the issue whether the legislature has the power to legislate judicial procedure which it possibly has done in the enactment of HRS chapter 853 (1976), as amended.

Chapter 853 does not mention DANC pleas. It only refers to DAG pleas. It is a settled rule of statutory interpretation that "the legislature, in the enactment of a statute, will not be presumed to intend to overturn long established legal principles, unless such intention is made clearly to appear by express declarations or by necessary implication. . . ." (Citations omitted.) 73 AM. JUR. 2d *Statutes* § 181 (1974). We think the rule applies as much to inherent powers as it does to "long established legal principles".

Therefore, we hold that chapter 853 did not take away the trial court's inherent power to grant or deny DANC pleas.

Affirmed.

*Lawrence R. White,* deputy prosecuting attorney, for plaintiff-appellant.

*Leslie Fukumoto,* deputy public defender, for defendant-appellee.