936 P.2d 1292

STATE of Hawai'i, Plaintiff–Appellee,

v.

Garret K. ITO, Defendant–Appellant.

No. 18903.

Intermediate Court of Appeals of Hawai'i.

April 7, 1997.

Certiorari Denied April 28, 1997.

Joyce K. Matsumori-Hoshijo, Deputy Public Defender, Honolulu, on the briefs, for defendant-appellant.

Donn Fudo, Deputy Prosecuting Attorney, City and County of Honolulu, Honolulu, on the brief, for plaintiff-appellee.

BURNS, C.J., and ACOBA and
KIRIMITSU, JJ.

ACOBA, Judge.

We hold in this appeal by Defendant–Appellant Garret K. Ito (Defendant) from his March 24, 1995 judgment of conviction for second degree assault, as defined in Hawai'i Revised Statutes (HRS) § 707–711(1)(a) (1993), of Karen Ito, his wife (Wife), that although Defendant's counsel withdrew a lesser-included-offense instruction for third degree assault before the case was presented to the jury, the court was nevertheless required to personally engage Defendant in an on-the-record colloquy to determine whether Defendant understood the consequences of foregoing such an instruction before the court could properly exercise its discretion on whether or not to instruct the jury on third degree assault.

### I.

As one of his points on appeal, Defendant contends that it was plain error for the court to have neglected to obtain an on-the-record waiver of his right to have the jury instructed on third degree assault (HRS § 707–712(1)(a) (1993)),[1] the lesser-included offense of second degree assault.[2] At the court's settlement of instructions, defense counsel had withdrawn an instruction on third degree assault. After the instructions had been given, the court elicited defense counsel's admission that she had agreed to withdraw the instruction and the prosecutor's agreement that the State had not requested it.

Nevertheless, on appeal, Defendant contends that "the trial judge was required to, *sua sponte,* instruct the jury on the included offense of [a]ssault in the [t]hird [d]egree, even without a request from the parties, unless it obtained a knowing waiver on the record[,]" and "[t]he court's failure to do so was plain error requiring reversal." *See*

*State v. Kinnane,* 79 Hawai'i 46, 897 P.2d 973 (1995) (citing *State v. Kupau,* 76 Hawai'i 387, 879 P.2d 492 (1994)).

### II.

### A.

■ Defendant maintains there was a rational basis in the trial evidence to support an instruction on third degree assault. Where there is evidence to support a finding that a defendant's conduct was reckless, third degree assault under HRS § 707–712(1)(a) is a lesser-included offense of second degree assault under HRS § 707–711(1)(a). *Kupau,* 76 Hawai'i at 391–92, 879 P.2d at 496–97.

The evidence which would support a basis for finding that Defendant acted recklessly stems from both Wife's testimony and Defendant's testimony.

In pertinent part, Wife testified to the following matters. On March 1, 1994, she rear-ended Defendant's car on her way to have her car repaired. Defendant was also driving to the repair shop in order to give Wife a ride home from the auto repair shop. After returning home, Wife testified she had an argument with Defendant. Wife threw a television remote control instrument at Defendant. Defendant walked towards the front door. Wife grabbed Defendant from behind, and Defendant turned and pushed her on the chest causing her to fall on a "coffee" table.

In pertinent part, Defendant testified to the following matters. While Defendant was en route to the auto repair shop, Wife rear-ended his automobile. When they returned home, an argument ensued. Wife threw the television remote control instrument at Defendant, hitting him in the leg. Defendant told Wife he was going to leave, but Wife grabbed the back of his shirt as he reached

---

**1.** In pertinent part, third degree assault is defined in HRS § 707–712, as follows:

> **§ 707–712 Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person[.]
> (a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

**2.** In pertinent part, second degree assault is defined in HRS § 707–711 as follows:

> **§ 707–711 Assault in the second degree.** (1) A person commits the offense of assault in the second degree if:
> (a) The person intentionally or knowingly causes substantial bodily injury to another[.]

the front door. Wife then slapped and scratched him on his back, neck, and arms. Defendant pushed Wife on her chest to free himself, and she "flew" back. After he pushed her, Defendant left, not observing where Wife landed.

### B.

The State of Hawai'i (State) contends that a third degree assault instruction would be inconsistent with Defendant's defense of self-defense. It argues that by claiming self-defense, Defendant implicitly admitted he acted with the knowing or intentional state of mind required for a second degree assault conviction rather than with the reckless state of mind included in the definition of third degree assault.

■■■ However, a defendant is "entitled to an instruction on every defense or theory of defense having *any* support in the evidence, provided such evidence would support the consideration of that issue by the jury, no matter how weak, inconclusive or unsatisfactory the evidence may be." *State v. Robinson,* 82 Hawai'i 304, 313–14, 922 P.2d 358, 367–68 (1996) (emphasis in original) (citations and internal quotation marks omitted). Thus, contrary to the State's position, it does not matter that an instruction may be inconsistent with Defendant's defense of self-defense because assuming the existence of a rational basis in the evidence, a defendant is allowed to present inconsistent defenses to the jury.

> The applicable test ... is one of presence or an absence of evidentiary support for a defense, not one of a consistency of defenses.... *[A] defendant has the right to argue inconsistent defenses* and he [or she]

would be entitled to have the jury instructed on ostensibly inconsistent theories of defense if there is evidence supporting the theories. *He [or she] would be entitled also to an instruction on a defense fairly raised by the evidence, though it may be inconsistent with the defense he advanced at trial.*

*State v. Lira,* 70 Haw. 23, 29, 759 P.2d 869, 873 (1988) (emphases added) (citations, internal quotation marks and ellipses omitted), *reconsideration denied,* 70 Haw. 662, 796 P.2d 1005 (1988); *State v. Pavao,* 81 Hawai'i 142, 144–45, 913 P.2d 553, 555–56 (App.1996).

### III.

On the evidence set out, we conclude that there was a rational basis for instructing the jury on the lesser-included offense of third degree assault.[3] In that event,

> [t]he trial judge must bring all included offense instructions that are supported by the evidence to the attention of the parties. The trial judge must then give each such instruction to the jury unless (1) the prosecution does not request that included instructions be given and (2) the defendant specifically objects to the included offense instructions for tactical reasons. *If the prosecution does not make a request and the defendant makes a tactical objection, the trial judge must then exercise his or her discretion as to whether the included offense instructions should be given.* The trial judge's discretion should be guided by the nature of the evidence presented during the trial, as well as the extent to which the defendant appears to understand the risks involved.

3. The trial court here instructed the jury that the State of Hawai'i was required to prove Karen Ito suffered "a bone fracture" or "a serious concussion" to convict Defendant of the second degree assault charge. As stated in *State v. Kupau,* 76 Hawai'i 387, 391, 879 P.2d 492, 496 (1994) (quoting *State v. Kupau,* 10 Haw.App. 503, 512, 879 P.2d 559, 565 (1994)),

> [w]hether [Complainant's] injuries ·amounted to a "bone fracture" or a "major laceration, avulsion, or penetration of the skin" so as to constitute "substantial bodily injury" was a question of fact for the jury, which could [rationally] have concluded that [Complainant]

did not sustain a "substantial bodily injury." Consequently, [Defendant] could have been acquitted of the [assault in the second degree] charges [sic]. The jury could also have [rationally] concluded that [Complainant] suffered at least physical pain, illness, or harm amounting to bodily injury and therefore convicted [Defendant] of the [included offense] of [assault in the third degree]. Therefore, a rational basis existed in the evidence for acquitting [Defendant] of the greater offense and convicting him of the [included offense], and pursuant to HRS § 701–109(5), [Defendant] was entitled to the [included offense] instruction.

*Kupau,* 76 Hawaiʻi at 395–96, 879 P.2d at 500–01 (emphasis added).

We believe there is no principled distinction between an included-offense instruction which is objected to by a defendant and one which is withdrawn by a defendant—the defendant's ultimate goal in both situations is to preclude the jury from considering the lesser-included offense. Accordingly, we cannot agree with the State's contention that the principles set forth in *Kupau* and reaffirmed in *Kinnane* do not apply where the instruction is withdrawn rather than objected to.

Thus, where a defendant withdraws an included-offense instruction for which there is a rational basis in the evidence, the trial court "must [as in the case where the defendant objects to an included-offense instruction] enter into a colloquy, on the record, directly with defendant to insure that the defendant understands the effect and potential consequences of waiving the right to have the jury instructed regarding included offenses." *Id.* at 395–96 n. 13, 879 P.2d at 500–01 n. 13.

Moreover, although a defendant may "have a legitimate interest in seeking to avoid" a lesser-included-offense instruction, that "is not to say ... that the trial court does not have the discretion to give included[-]offense instructions that are supported by the evidence; the trial court is simply not *required* to give them." *Id.* at 395, 879 P.2d at 500 (emphasis added).

Therefore, in the face of a defendant's objection and in the absence of a prosecutor's request, the trial judge retains "his or her discretion as to whether the included[-]offense instruction should be given." *Kinnane,* 79 Hawaiʻi at 50, 897 P.2d at 977. In that connection, the on-the-record colloquy between the trial court and the defendant is pivotal because the exercise of the trial court's discretion on whether to instruct the jury on the lesser-included offenses must rest, in part, on the court's evaluation of "the extent to which the defendant appears to understand the risks involved." *Id.* Following the logic in *Kupau,* the trial court's evaluation should be obtained from its personal colloquy with the defendant.

We conclude, then, that (1) "the trial judge *must* ... exercise his or her discretion as to whether the included[-]offense instructions should be given" where the prosecution does not request the lesser-included-offense instruction, and where the defendant objects to it, *Kinnane,* 79 Hawaiʻi at 50, 897 P.2d at 977 (emphasis added) (citations omitted) or has withdrawn such an instruction; (2) such discretion should be guided, in part, by "the extent to which the defendant appears to understand the risks involved," *id.;* and (3) for that purpose "the trial judge must enter into a colloquy, on the record, directly with the defendant to insure that the defendant understands the effect and potential consequences of waiving the right to have the jury instructed regarding included offenses." *Kupau,* 76 Hawaiʻi at 395–96 n. 13, 879 P.2d at 500–01 n. 13 (citations omitted).

The court here did not obtain an on-the-record waiver of defendant's "right to have the jury instructed regarding [the] included offense[ ]" of third degree assault. *Id.* at 396 n. 13, 879 P.2d at 500 n. 13. Its failure to do so constituted plain error which we notice for the reasons stated above. Hawaiʻi Rules of Penal Procedure (HRPP) Rule 52; *see also Kupau,* 76 Hawaiʻi at 396, 879 P.2d at 501.

## IV.

The State argues that plain error should not be noticed because Defendant fails to "complain that he in fact did not wish to withdraw his proposed instruction on assault in the third degree" and therefore "cannot legitimately argue that the court's honoring of his decision to withdraw his proposed instruction affected his substantial rights."

It is a foregone conclusion that in most cases a defendant will have acceded to a defense counsel's recommendation to withdraw or to object to a lesser-included-offense instruction or that there would have been an agreement between counsel and defendant to that effect. The rule in *Kupau* assumes as much when it mandates that the trial court must insure "the defendant understands the effect and potential consequences" of the de-

fendant's objection to a lesser-included-offense instruction. *Id.* at 395–96 n. 13, 879 P.2d at 500–01 n. 13. Therefore, the fact that Defendant agreed to the withdrawal of the lesser-included-offense instruction at trial is not dispositive of the issue.

## A.

■ More to the point, the *Kupau* rule was fashioned "to reconcile the competing interests of the prosecution and defendants, as well as to ensure juries are appropriately instructed." *Id.* at 395, 879 P.2d at 500. "[T]he ultimate responsibility properly to instruct the jury . . . lies with the . . . court and *not* with trial counsel." *Id.* (quoting *Briones v. State,* 74 Haw. 442, 472–73, 848 P.2d 966, 980 (1993) (Levinson, J., concurring) (emphasis in original)). Therefore, the requirement that the trial court enter into an on-the-record colloquy with a defendant before determining whether to charge the jury on the lesser-included offense involves the proper judicial administration of the criminal justice system in our state. Conceivably, then, a case such as this may be susceptible to remand by the Hawai'i Supreme Court for a new trial under that court's supervisory authority of the trial courts. *See* HRS § 602–4 (1993) ("The supreme court shall have the general superintendence of all courts of inferior jurisdiction to prevent and correct errors and abuses therein where no other remedy is expressly provided by law."); *see also State v. Moniz,* 69 Haw. 370, 373–74, 742 P.2d 373, 376 (1987) (invoking supervisory power over lower courts because existence of potential danger to public and conflict in interpretations of statute by lower courts constituted compelling circumstances); *State v. Estrada,* 69 Haw. 204, 228, 738 P.2d 812, 828 (1987) (exercising supervisory powers to declare judge's usual practice of personally entering the jury room to answer the jurors' questions improper and prejudicial), *reconsideration denied,* 71 Haw. 665, 833 P.2d 899 (1990); *State v. Gumienny,* 58 Haw. 304, 311, 568 P.2d 1194, 1199 (1977) (invoking supervisory power to consider the policy question of whether defendant should be held to his plea of guilty where trial judge was informed that guilty plea was induced by plea bargain and judge rejected the plea bargain); *Shak v. Doi,* 49 Haw. 404, 406–07, 420 P.2d 100, 102 (1966) (exercising supervisory powers to declare that if a defendant requests a copy of the charge, he should be furnished it regardless of whether the charge is in the form of a written complaint or an oral charge); *cf. State v. Ui,* 66 Haw. 366, 663 P.2d 630 (1983) (declining to invoke supervisory powers because lower court properly interpreted and applied statutory provision at issue).

## B.

■ The failure to enter into a colloquy may also be treated as plain error affecting Defendant's substantial rights under HRPP Rule 52(b). "[T]he trial court is the sole source of all definitions and statements of law applicable to an issue to be resolved by the jury," *Kupau,* 76 Hawai'i at 394–95, 879 P.2d at 499–500 (citation, internal quotation marks, and emphasis omitted), and thus, the "fail[ure] to give an included[-]offense instruction even when neither the prosecution nor the defendant have requested it," *Kinnane,* 79 Hawai'i at 50, 897 P.2d at 977, may constitute plain error under HRPP Rule 52. *Id.* at 50 n. 7, 897 P.2d at 977 n. 7.

Because there was a rational basis for a jury instruction on third degree assault and the court erred in failing to ascertain whether Defendant understood the risks involved in withdrawing the instruction, the error prejudiced Defendant's *Kupau* right to be advised of the consequences of withdrawing an instruction on a lesser-included offense.

Had the court explored the withdrawal of the lesser-included-offense instruction with Defendant, Defendant might very well have decided to retain the instruction. Under *Kupau,* Defendant was entitled to be advised on the record as to the consequences of his withdrawal of the lesser-included-offense instruction.[4] It is impossible to conclude that had the court conducted the colloquy personally with Defendant during the trial and ex-

---

4. Of course, the colloquy becomes material for purposes of appeal if the trial court decides against charging the jury on the lesser-included offense(s) and the defendant is convicted of the greater offense(s).

plained the consequences to him of waiving the instruction that Defendant would have still persisted in withdrawing the instruction.

## V.

We need not decide the other points raised on appeal except we point out that the Hawai'i Supreme Court has sustained the admission of the testimony of Wendy Mow–Taira, Executive Director of the Hawai'i Crisis Shelter, Inc., as an expert witness on the "effects of domestic violence and how it may explain a victim's recantation of abuse." *State v. Clark,* 83 Hawai'i 289, 299, 926 P.2d 194, 204 (1996).

> [W]e hold that [Wendy] Mow–Taira was properly allowed to testify regarding the effects of domestic violence and, in particular, that victims of domestic violence often recant allegations of abuse.
>
> .... "[This type of testimony] is *not* evidence that the victim suffers from a specific medical or psychological condition—or even that the victim's behavior as observed by the experts was consistent with the behavior of women suffering from such a condition. It is simply testimony, based on the witnesses' experience in cases of domestic violence, that women with a history of domestic abuse often exhibit common traits, among them denial and a tendency to recant accusation of abuse."

*Id.* (quoting *State v. Schaller,* 199 Wis.2d 23, 544 N.W.2d 247, 253 (1995), *reconsideration denied,* 546 N.W.2d 469 (Wis.1996) (emphasis in original)).

## VI.

For the foregoing reasons we vacate the March 24, 1995 judgment and remand this case for a new trial.