**Electronically Filed
Supreme Court
SCWC-17-0000620
18-OCT-2019
08:10 AM**

SCWC-17-0000620

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I,
Respondent/Plaintiff-Appellee,

vs.

DAWN A. PHILLIPS,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-17-0000620; CASE NO. 3DCW-17-0001815)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Defendant-Appellant Dawn A. Phillips (Phillips) appeals from the Intermediate Court of Appeals' (ICA) March 27, 2019 Judgment on Appeal affirming the July 31, 2017 "Judgment and Notice of Entry of Judgment" of the District Court of the Third Circuit (district court).[1]

Phillips was charged with one count of open lewdness and one count of disorderly conduct. Phillips entered a not

---

[1] The Honorable Margaret Masunaga presided.

guilty plea. At a change of plea hearing, defense counsel stated that the State and Phillips had reached an agreement where Phillips would plead no contest to the charges against her, and the State would not object to any subsequent motion to defer the acceptance of her no contest plea (motion for DANC). See Hawaiʻi Revised Statutes (HRS) § 853-1 (2014).[2] After pleading no contest, Phillips made an oral motion for DANC. The district court denied her motion for the principal reason that she did not wish to stay in Hawaiʻi during the six-month probation period.

On July 31, 2017, the district court accepted Phillips' no contest pleas and entered a Judgment against her. Phillips appealed to the ICA, and the ICA affirmed the district court's Judgment. See State v. Phillips, No. CAAP-17-0000620, 2019 WL 763086 (App. Feb. 15, 2019) (SDO).

We vacate and remand. A denial of a motion for DANC is

---

[2] HRS § 853-1 (2014) provides in relevant part:

**Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of records.**
(a) Upon proper motion as provided by this chapter:
    (1)    When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;
    (2)    It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and
    (3)    The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,
the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

properly within the discretion of a trial judge. State v. Martin, 56 Haw. 292, 294, 535 P.2d 127, 128 (1985). Therefore, the trial court's decision "will not be disturbed on appeal unless there has been a plain and manifest abuse of such discretion." Id. However, we have also stated that this discretion must be "properly exercised." Id.

In Martin, after a defendant had pleaded guilty to a charge of theft and made a motion to defer the acceptance of the guilty plea, the "district court summarily rejected said motion, emphasizing, as [it] had in the past, that [it] did not and would not under any circumstances consider any motion for deferred acceptance of a guilty plea." Id. at 293, 535 P.2d at 127. On appeal, we vacated and remanded the case. Id. at 294, 535 P.2d at 129. We concluded that when the "sentencing judge, arbitrarily and capriciously, refuses to entertain at any time a seasonable and proper motion made by a defendant for [deferred acceptance of guilty] plea . . . such judicial conduct is improper." Id. at 294, 535 P.2d at 128. We further stated that the trial court, "[b]y blind adherence to predetermined rigid conduct . . . precluded any enlightened and just resolve of the criminal charge placed against defendant." Id.

In this case, Phillips and the State had reached an agreement that if she pleaded no contest to the open lewdness and

disorderly conduct charges, the State would recommend five days of jail time, all suspended but one day, with credit for time served, and would not object to a deferral, provided that Philips be placed on unsupervised probation for six months.

The district court denied Phillips' motion for DANC on the principal basis that she was going to leave Hawaiʻi and not return. The district court stated multiple times that in order to be placed on probation, a condition of the deferred acceptance plea, Phillips would have to remain in the state. Specifically, the district court stated, "the concern is that if it's going to be on probation, she needs to be here." When the State offered that in other situations, defendants were placed on unsupervised probation, and defense counsel can "basically do like a stipulation at the expiration of the deferral period," the district court responded that "normally [a defendant has] to come back here because, otherwise, I won't dismiss the case." The district court further stated that in these situations, "the court will double-check in the future but my understanding is there's a resistance to do deferred acceptance of a no contest plea, and just looking at this case, I don't think this is a good case for that."

While the district court entertained Phillips' motion for DANC, its reason for denying her motion appeared to be based

4

on a "blanket policy" that it did not grant motions for DANC when the defendant does not wish to return to Hawaiʻi after the probation period.  See Martin, 56 Haw. at 294, 535 P.2d at 128. This court has cautioned that discretionary action "must be exercised on a case-by-case basis, not by any inflexible [blanket] policy of denial."  Id.  See also State v. Chun, No. 26357, 2005 WL 256340, at *9 (Haw. Feb. 2, 2005) (mem.) ("[T]he existence of discretion requires its exercise, and by definition contemplates an individualized assessment of the facts and circumstances pertinent to the case at hand.") (internal citation and quotation omitted).[3]

Moreover, while the district court spent considerable time discussing how Phillips' absence from Hawaiʻi would affect whether it would grant or deny her motion for DANC, the district court did not explicitly consider any of the factors actually listed as factors to consider in denying or granting a motion for deferred acceptance pursuant to HRS § 853-1.  HRS § 853-1 provides that a court may defer further proceedings without

_____

[3]     Additionally, Phillips' counsel stated that Phillips "would be willing to try to come back at the end of the six-month period[.]"  In response, the district court stated that it would place Phillips on unsupervised probation so she could return to the mainland.  Operating under the assumption that the district court was going to grant the deferral, the State then asked the district court for a "proof of compliance date . . . and if she is in compliance with everything, [defense counsel] and I can do a stipulation for dismissal of the case[.]"

However, the district court then stated that it "was going to allow unsupervised probation and let her leave the state of Hawaii but not do the deferral."  This prompted confusion from the State and from defense counsel.

accepting a plea of no contest if (1) "[i]t appears to the court that the defendant is not likely again to engage in a criminal course of conduct;" and (2) "[t]he ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law[.]"  HRS § 853-1(a).

The State noted that Phillips did not have a prior criminal record and "since it sounds like her object is to obtain treatment [for substance abuse], we don't have an objection [to the deferred acceptance] in this case."  Phillips herself stated that she had "every intention of taking care of [her substance abuse problem]," that she had never been arrested, and that she never had issues with the law.  Her primary goal "has always been to go back to the mainland, get my degree and come back and work with the indigent population."

However, there is no evidence in the record to suggest that the district court considered these claims when it denied Phillips' motion for DANC.  Therefore, there is similarly no evidence in the record that the district court considered whether Phillips was "not likely again to engage in a criminal course of conduct" or whether "[t]he ends of justice and the welfare of society" required that Phillips suffer the penalty imposed by law pursuant to HRS § 853-1.  Instead, the record indicates only that the denial of Phillips' motion for DANC was prompted by Phillips' stated desire to leave the state.

6

The record indicates that the district court denied Phillips' motion for DANC primarily because she did not wish to serve her six-month probation in Hawaiʻi, that it had a "blanket policy" of denying deferrals unless defendants return to Hawaiʻi, that it denied Phillips' specific motion even when defense counsel stated that Phillips would be willing to return to Hawaiʻi, and did not specifically consider the factors described in HRS § 853-1.  We conclude the district court abused its discretion in denying Phillips' motion for DANC.[4]

We therefore vacate the ICA's March 27, 2019 Judgment on Appeal and remand to the district court for a new hearing on Phillips' motion for DANC.

DATED: Honolulu, Hawaiʻi, October 18, 2019.

| | |
|---|---|
| Susan L. Arnett<br>for petitioner/defendant-<br>appellant | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Linda L. Walton for<br>respondent/plaintiff-<br>appellee | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |



---

[4]     Because we conclude that the district court abused its discretion in denying Phillips' motion for DANC, it is unnecessary to address Phillips' argument that the denial of her motion was unconstitutional.  See DW Aina Leʻa Dev., LLC v. Bridge Aina Leʻa, LLC., 134 Hawaiʻi 187, 217-18, 339 P.3d 685, 715-16 (2014) ("If a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, . . . [this court] will decide only the latter." (alterations in original)).