STATE OF HAWAII, Plaintiff-Appellant, *v.* PERCY KEAHI, Defendant-Appellee

NO. 8500

(CRIMINAL NO. 6472)

APRIL 25, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND CIRCUIT JUDGE CHANG, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from an order of the circuit court granting a motion for the deferred acceptance of guilty plea. We remand.

In this case, appellee was charged with the offense of burglary in the first degree. After the trial had commenced and two witnesses had testified for the State, appellee, on September 10, 1981, entered a plea of *nolo contendere.*

At the hearing on appellee's sentencing on November 12, 1981, appellee moved for a deferred acceptance of his plea and, over the State's objection, the trial court granted his motion for a deferred acceptance of guilty plea for five years. From the granting of that motion, the State appeals.

The State points out that § 853-1, HRS, provides that under certain enumerated circumstances the circuit court may defer further proceedings in a criminal case where a defendant voluntarily pleads guilty prior to commencement of trial. The State further points to the fact that the phrase "prior to commencement of trial" was added to the statute by Act 147 of the Session Laws of 1979 and that the legislative history indicates that it was the intention of the Legislature to require that guilty pleas be made prior to trial if the device of a deferred acceptance of the plea were to be utilized.

However, in this case, the appellee pleaded *nolo contendere* after the trial had commenced. Under Rule 11(b), Hawaii Rules of Penal Procedure, the circuit court clearly had the power to accept such a plea. The question presented in this case, therefore, is that of whether the circuit court having accepted a plea of *nolo contendere* during trial, had the power at the time of sentencing to enter the order here appealed from.

In *State* v. *Brown,* 1 Haw. App. 602, 623 P.2d 892 (1981), the Intermediate Court of Appeals held that the trial court had inherent power to grant or deny acceptance of a deferred acceptance of *nolo contendere* plea. We agree. We further hold that § 853-1, HRS, did not limit that power to cases where the plea is entered before trial commences.[1] The problem in this

---

[1] We expressly do not pass upon the issue of whether § 853-1, HRS, as amended in 1979, impermissibly infringes upon the judiciary's inherent power to accept deferred acceptance of guilty pleas.

case is that the trial court granted a deferred acceptance of guilty plea rather than a deferred acceptance of a *nolo contendere* plea. According to the record, appellee never pled guilty. However, for purposes of sentencing, there is no difference between a plea of *nolo contendere* and a plea of guilty.

We think the difference is one of form rather than substance. Accordingly, we remand with instructions to amend the form of order to reflect that it is a deferred acceptance of a *nolo contendere* rather than a guilty plea.

*Lawrence A. Goya,* Deputy Prosecuting Attorney, on the briefs for appellant.

*Arthur K. Trask, Jr.,* Deputy Public Defender, on the brief for appellee.