**STATE OF HAWAII**, Plaintiff–Appellee, v. **BETTY ELLEN MORIN**, Defendant–Appellant

(CR. NO. 88–0275(3))

and

**STATE OF HAWAII**, Plaintiff–Appellee, v. **KENNETH MORIN**, Defendant–Appellant

(CR. NO. 88–0276(3))

NO. 13772

JANUARY 26, 1990

LUM, C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND RETIRED JUSTICE NAKAMURA, ASSIGNED BY REASON OF VACANCY

## OPINION OF THE COURT BY HAYASHI, J.

Defendants–Appellants Betty Ellen Morin and Kenneth Morin (collectively Defendants) jointly appeal from the lower court's denial of their Motion to Suppress and from their respective Judgments of Conviction and Sentence entered on March 10, 1989.

On September 6, 1988, Defendants were each charged with one count of Promoting a Dangerous Drug in the First Degree (HRS § 712–1241(1)(a)(i)), two counts of Failure to Register Firearm (HRS § 134–2(b)), one count of Possession of a Prohibited Firearm (HRS § 134–8) and one count of Prohibited Acts Related to Drug Paraphernalia (HRS § 329–43.5). On December 15, 1988, the court granted the State's Motion to Consolidate Cases for Trial.

The parties do not dispute the initial facts. In early July of 1988, Police Officer Timothy Gapero told Police Officer Louis Kaaikala (Kaaikala), based on a tip from an informant, that once a month a brown padded parcel containing cocaine was shipped to Defendants in Wailuku, Maui, from Downey, California. Kaaikala forwarded this information to the postal inspector. On August 24, 1988, a postal worker informed Kaaikala that a parcel meeting the description he had given them was at the Wailuku Post Office. The parcel was a brown padded package addressed to Betty Morin in Wailuku, Maui, from Ken Morin in Downey, California.

The postal worker then told Kaaikala that he could not bring his narcotics detection dog to the post office until a postal inspector could be present, which would not be until August 26, 1988. On August 26, 1988, Kaaikala met with the postal inspector and assisted him with his narcotics detection dog in conducting "profile" checks on several parcels. After the narcotics detection dog's positive alert on the parcel in question, indicating the presence of a controlled substance, the postal inspector secured a search warrant. The parcel was then opened. Kaaikala performed field tests on the

substance found within and determined it to be approximately 2 ounces of cocaine.

Based on the inspection by the postal inspector, the dog alert and the field test, Kaaikala obtained a warrant to search Defendants' residence after the package was delivered. The police then replaced some of the cocaine with "pseudo drugs," dusted the bag with fluorescent powder, repackaged it and sent it on a controlled delivery to Defendants' home. Shortly thereafter, the police entered Defendants' home, arrested them and confiscated the drugs and various other items.

On December 9, 1988, Defendants filed a Motion to Suppress all evidence obtained. After the hearing held on January 11, 1989, the lower court orally denied the motion, and on February 8, 1989, entered its Findings of Fact and Conclusions of Law and Order. Following the hearing, Defendants' counsel initiated plea bargain negotiations with the prosecutor. The prosecutor replied with a confirmatory letter dated January 13, 1989. On January 13, 1989, pursuant to the plea bargain agreement, Defendant Betty Ellen Morin entered a plea of no contest to one count of Promoting a Dangerous Drug in the First Degree in exchange for which the prosecutor dismissed the four remaining charges against her. In return for Defendant Kenneth Morin's plea of no contest, the prosecutor reduced the charge against him from Promoting a Dangerous Drug in the First Degree to Promoting a Dangerous Drug in the Third Degree and dismissed the remaining four charges against him.

On March 10, 1989, the court entered Judgments of Conviction and sentenced Defendant Betty Ellen Morin to twenty years of imprisonment, with mittimus to issue immediately, and Defendant Kenneth Morin to five years of probation. This timely appeal followed.

For the reasons stated below, we affirm.

## I.
## Effect of No Contest Plea

On appeal, Defendants do not challenge the validity of their no contest pleas. Rather, they contend that the lower court erred in denying their Motion to Suppress because 1) the detention and search of the parcel and the subsequent warrant and search that resulted from the initial search of the parcel were invalid; and 2) the subsequent warrant was invalid as general and exploratory.

The State submits that Defendants, by their pleas, have waived their right to challenge the legality of the search of the package and their home as well as the seizure of that package and various other items from their home. We agree.

Generally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings. *Brady v. United States*, 397 U.S. 742 (1970); *Tollett v. Henderson*, 411 U.S. 258 (1973); 1 C. Wright, *Federal Practice & Procedure* § 175 (1982). Although the defendant may still challenge the sufficiency of the indictment or other like defects bearing directly upon the government's authority to compel the defendant to answer to charges in court, claims of nonjurisdictional defects in the proceeding, such as unlawfully obtained evidence and illegal detention, will generally not survive the plea. *State v. Lerner*, 113 Ariz. 284, 551 P.2d 553 (1976) (quoting 1 C. Wright, *Federal Practice & Procedure* § 175 (1969)). A plea of nolo contendere is equivalent to a plea of guilty in terms of waiving alleged nonjurisdictional defects. *Hunter v. State*, 590 P.2d 888 (Alaska 1979); *McGrath v. United States*, 402 F.2d 466 (7th Cir. 1968); 1 C. Wright, *supra*, § 177 (1982). *Cf. State v. Keahi*, 66 Haw. 364, 662 P.2d 212 (1983) (holding that difference between a guilty plea and a plea of nolo contendere for purposes of sentencing is one of form rather than substance).

An exception to this general rule is a plea conditioned upon the right to appeal certain pretrial rulings. Where specific rulings

are decisive of the case, so that a trial serves merely to preserve those pretrial issues for appeal, the conditional plea obviates the need for a trial thus conserving judicial resources. *See Lefkowitz v. Newsome*, 420 U.S. 283 (1975); 1 C. Wright, *supra*, § 175 (1982).

In some jurisdictions, conditional pleas are authorized by rule or statute. *See Lefkowitz*, 420 U.S. 283 (1975) (New York law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues); *see also* Fed. R. Crim. P. Rule 11(a)(2).[1] Although two circuits, prior to the Federal Rules' 1983 amendment to allow for conditional pleas, had allowed conditional pleas in the absence of a rule or statute, *United States v. Burke*, 517 F.2d 377 (2d Cir. 1975); *United States v. Moskow*, 588 F.2d 882 (3d Cir. 1978), most states require a defendant to plead not guilty and to go to trial in order to preserve his right to appeal nonjurisdictional issues. *See Lefkowitz*, 420 U.S. 283 (1975). The United States Supreme Court, in *Lefkowitz*, explains the rationale behind this latter approach as follows: "Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained." *Lefkowitz*, 420 U.S. at 289.

Hawaii has neither a rule nor a statute providing for conditional pleas. Even if we were to allow for conditional pleas in the absence of a rule or statute, however, Defendants here have shown no reservation in the record of their right to appeal.[2]

---

[1] Fed. R. Crim. P. Rule 11(a)(2), amended in 1983 to allow conditional pleas, reads in pertinent part as follows:

> (2) Conditional Pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion.

[2] Defendants claim that various documents filed in the State's forfeiture action on their home evidences the State's knowledge of their intent to appeal. Any alleged knowledge shown in a separate proceeding, however, is not a sufficient

To allow the Defendants to plead no contest in exchange for the reduction and dismissal of charges against them, and then to permit them to attack the remaining convictions achieved by those pleas, where those pleas were not conditioned upon the right to appeal, would jeopardize the integrity of the plea bargaining process. Defendants' pleas, therefore, preclude them from now contesting any nonjurisdictional issues and the convictions resulting from those pleas.

## II.
## Conclusion

By entering pleas of no contest without reserving the right to appeal the denial of their Motion to Suppress, Defendants effectively waived their right to appeal that ruling. We find, therefore, that their appeal is not properly before this court. Accordingly, the appeal is hereby dismissed.

*Bruce N. Metz*, for Defendants–Appellants.
*Benjamin M. Acob*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.

---

reservation. Generally, a conditional plea requires an express reservation of the right to appeal specific issues, the approval of the court and the consent of the government. *See* Fed. R. Crim. P. Rule 11(a)(2); *see also United States v. Burke*, 517 F.2d 377 (2d Cir. 1975).