142 P.3d 1286

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Paul A. KECK, Defendant–Appellant.**

Nos. 27311, 27312.

Intermediate Court of Appeals of Hawai'i.

Aug. 24, 2006.

Earle A. Partington, on the briefs, for Defendant–Appellant.

James M. Anderson, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for Plaintiff–Appellee.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by LIM, J.

In these consolidated appeals (Nos. 27311 & 27312), Paul Arthur Keck (Defendant) appeals the two May 13, 2005 amended judgments that the Circuit Court of the First Circuit (circuit court) [1] entered in Cr. No. 04–1–1525 (1525) and Cr. No. 04–1–0871(871), respectively.

The 871 judgment convicted Defendant on his guilty pleas, straight up, to six counts of sexual assault and attempted sexual assault in the third degree and one count of sexual assault in the fourth degree upon a nine-year-old girl. The 1525 judgment convicted Defendant on his guilty pleas, straight up, to two counts of sexual assault in the third degree upon an eight-year-old girl, committed while he was out on bail in 871. In 871, Defendant was sentenced to one year in jail and six extended ten-year indeterminate terms of imprisonment, concurrent, but consecutive to the two extended ten-year indeterminate terms of imprisonment imposed in 1525.

We affirm. We hold at the threshold that Defendant did not waive appeal of sentencing issues when he pled guilty to the underlying charges. Along the way, we also hold that the circuit court did not abuse its discretion

---

1. The Honorable Steven S. Alm presided.

when it ordered that Defendant remain shackled at his sentencing hearing.

## I.

On appeal, Defendant raises issues relating only to his sentencing. At the outset, the State claims that Defendant waived appeal of those issues when he pled guilty to the underlying charges. "Generally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings." *State v. Morin,* 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) *(citing Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); 1 C. Wright, *Federal Practice & Procedure* § 175 (1982)).[2]

However, "[a] waiver is the knowing, intelligent, and voluntary relinquishment of a known right." *State v. Mitchell,* 94 Hawaiʻi 388, 394, 15 P.3d 314, 320 (App.2000) (citation and block quote format omitted) (regarding waiver of the constitutional right to a jury trial in a criminal case). And though "[t]he right of appeal in a criminal case is purely statutory[,]" *State v. Dannenberg,* 74 Haw. 75, 78, 837 P.2d 776, 778 (1992), we believe it remains both intuitive and axiomatic that one cannot knowingly waive error which has yet to occur. We conclude that the State's threshold demurrer to Defendant's appeal lacks merit.

## II.

### A.

Defendant first complains that his constitutional rights to due process and freedom from cruel and unusual punishment were derogated when he was shackled during his sentencing hearing, despite his objections. We disagree.

Where shackling occurs before a jury, appellate review is strict and exacting:

But even a partial physical restraint of the accused while he sits before judge and jury is not to be lightly ordered, for shackling unmistakably indicates "the need to separate the defendant from the community at large[.]" *Holbrook v. Flynn,* 475 U.S. [560,] 569[, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986) ]. And it "is the sort of inherently prejudicial practice that ... should be permitted only where justified by an essential state interest specific to [the] trial." *Id.* at 568–69[, 106 S.Ct. 1340]. Where the accused is shackled at trial, the reviewing court must subject what happened to "close judicial scrutiny" to determine whether an "essential state interest" was furthered by the trial judge's order to have him shackled or whether less restrictive, less prejudicial means could have been employed.

*State v. Castro,* 69 Haw. 633, 650–51, 756 P.2d 1033, 1045 (1988) (ellipsis and some brackets in the original; some citations omitted).

Where the accused is shackled before a sentencing judge, however, scrutiny need not be so strict, given the general presumption that a judge is not easily inappropriately influenced or inclined. *See, e.g., State v. Montgomery,* 103 Hawaiʻi 373, 383, 82 P.3d 818, 828 (App.2003):

We presume the court observed the distinction, because in a bench trial,

the normal rule is that if there is sufficient competent evidence to support the judgment or finding below, there is a presumption that any incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only.

*State v. Gutierrez,* 1 Haw.App. 268, 270, 618 P.2d 315, 317 (1980) (citations omitted). *See also State v. Vliet,* 91 Hawaiʻi 288, 298, 983 P.2d 189, 199 (1999). More to the point, we presume the court considered the evidence for rehabilitation purposes and for rehabilitation purposes only. *Cf. People v. Deenadayalu,* 331 Ill.App.3d 442, 265 Ill.Dec. 285, 772 N.E.2d 323, 329 (2002)

---

2. "A plea of nolo contendere is equivalent to a plea of guilty in terms of waiving alleged nonjurisdictional defects." *State v. Morin,* 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) (citations omitted).

("when other-crimes evidence is introduced for a limited purpose, it is presumed that the trial judge considered it only for that purpose" (citation omitted)); *Corley v. State*, 987 S.W.2d 615, 621 (Tex.Ct.App. 1999) (in a bench trial, "the danger that the trier of fact will consider extraneous offense evidence for anything other than the limited purpose for which it is admitted is reduced, and the likelihood that the extraneous evidence will unfairly prejudice the defendant is diminished").

█ Thus, it cannot be said that shackling before a sentencing judge is such an "inherently prejudicial practice[,]" *Castro*, 69 Haw. at 650, 756 P.2d at 1045 (citation and internal quotation marks omitted), that it must be reviewed only with the most punctilious of cautions and irrespective of any prejudice to the defendant. Rather,

> Where the challenged practice is not one deemed inherently prejudicial by the Supreme Court, the reviewing court must determine whether [the challenged practice] posed "an unacceptable threat to defendant's right to a fair trial; if the challenged practice is not found inherently prejudicial and if the defendant fails to show actual prejudice, the inquiry is over." *Holbrook v. Flynn*, 475 U.S. at 572[, 106 S.Ct. 1340].

*Castro*, 69 Haw. at 651 n. 10, 756 P.2d at 1045 n. 10.

Here, accordingly, the circuit court did not clearly abuse its discretion in ordering that Defendant remain shackled during his sentencing hearing, *see Castro*, 69 Haw. at 652, 756 P.2d at 1046, where (1) Defendant was being sentenced for two sexual assaults upon an eight-year-old girl committed while he was out on bail on seven counts of sexual assault on a nine-year-old girl; (2) the circuit court's "brief review of the record" of Defendant revealed "aggravated assault with a firearm, lewd and lascivious assault on a minor, as well as drug convictions"; (3) the same record revealed an arrest for battery on a correctional officer; and, dispositively, *Castro*, 69 Haw. at 651 n. 10, 756 P.2d at 1045 n. 10, (4) the transcript of the sentencing hearing contains no indication that the shackling in any way inhibited Defendant from understanding what was going on, asserting himself or consulting with counsel, or that the shackling in any way actually influenced or inclined the circuit court against Defendant.

**B.**

█ Next, Defendant contends the circuit court erred in denying the oral motion for a continuance he made at the beginning of the sentencing hearing. This point is devoid of merit.

In denying Defendant's motion to continue the sentencing hearing, the circuit court did not abuse its discretion, *cf. State v. Pulse*, 83 Hawai'i 229, 239, 925 P.2d 797, 807 (1996), where (1) the sentencing hearing had already been continued more than three times "in order to permit [Defendant's psychologist] to finish her report[,]" Opening Brief at 6 n. 8; (2) the sentencing hearing took place more than six months after Defendant's sentencing counsel made his appearance, and more than six months after Defendant was last interviewed by the reporting probation officer (PO); (3) the circuit court amended the presentence diagnosis and report (PDR) to reflect the opinion of Defendant's psychologist about the cause of Defendant's apparent failure to cooperate with the PO, wherever that failure is mentioned in the PDR; and (4) the report of Defendant's psychologist, written after five interviews with Defendant and containing comprehensive and detailed information about his background and condition, was attached to the PDR and reviewed by the circuit court before sentencing.

**C.**

█ Finally, Defendant contends the circuit court offended the principles of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by sentencing him to extended terms of imprisonment under Hawai'i Revised Statutes (HRS) §§ 706–661(4) and –662(4)(a) (Supp.2005), and to consecutive terms of imprisonment under HRS §§ 706–606 and –668.5 (1993), where the factual bases for the exacerbations were not charged in the indictments and proved to a

jury. *See Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. We disagree.

As was recently reiterated and confirmed by the supreme court, *State v. White*, 110 Hawai'i 79, 82 n. 4, 129 P.3d 1107, 1109 n. 4 (2006), the circuit court did not offend the principles of *Apprendi* when it sentenced Defendant to extended indeterminate terms of imprisonment under HRS §§ 706–661(4) and ·–662(4)(a). And as was recently held by the supreme court, *State v. Kahapea*, 111 Hawai'i 267, 141 P.3d 440, 452 (2006), the *Apprendi* principles were in no way implicated when the circuit court ordered Defendant to serve the prison terms for his sexual assaults on the nine-year-old girl consecutively to the prison terms for his sexual assaults on the eight-year-old girl.

## III.

Accordingly, the two May 13, 2005 amended judgments that the circuit court entered in 871 and 1525, respectively, are affirmed.