NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29852

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JASON ERIC THON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LĪHU'E DIVISION
(CASE NO. 5DTA-08-00415)

SUMMARY DISPOSITION ORDER
(By:  Fujise and Leonard, JJ.,
with Nakamura, C.J., concurring separately)

Defendant-Appellant Jason Eric Thon (Thon) appeals the Judgment, entered on April 30, 2009, in the District Court of the Fifth Circuit, Līhu'e Division (district court).[1]

On April 30, 2009, Thon pled no contest to Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a) and (b) (Supp. 2009).

In Thon's Opening Brief, filed on October 9, 2009, Thon contends the district court erred by denying his Motion to Suppress and Exclude Intoxilyzer Test, filed on March 4, 2009 (Motion to Suppress).  Thon contends the district court's conclusion that the State complied with HRS § 291E-11 and that the traffic stop was not pretextual were erroneous.

The State argues that the district court did not err by denying Thon's Motion to Suppress.  The State also argues that State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), issued on November 17, 2009, is inapplicable or that any deficiency in the charge was waived when Thon entered into a no contest plea.

In Thon's Reply Brief, filed on January 4, 2010, he raises a claim that the charge against Thon was deficient

---

[1]  The Honorable Trudy K. Senda presided.

pursuant to <u>Wheeler</u> because it failed to state that Thon operated or assumed actual physical control of a vehicle upon a public way, street, road, or highway.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Thon's points of error as follows:

(1) Although Thon entered into a no contest plea, he may still challenge the sufficiency of the charge on the grounds that there is a defect bearing upon the State's authority to compel him to answer to the charge in court. <u>State v. Morin</u>, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990).

(2) "[T]he operation of a vehicle on a public way, street, road, or highway is an attendant circumstance of the offense of OVUII, and is therefore an element of the offense." <u>Wheeler</u>, 121 Hawai'i at 393, 219 P.3d at 1180. The failure to allege that Thon was driving a vehicle upon a public way, street, road, or highway at the time of the offense rendered the charge fatally deficient. <u>Id.</u> Therefore, the charge must be dismissed for lack of jurisdiction and we need not address Thon's other point of error.

Therefore,

IT IS HEREBY ORDERED that the Judgment, entered on April 30, 2009, in the District Court of the Fifth Circuit, Līhu'e Division is vacated. The matter is remanded to the district court with instructions to dismiss the OVUII charge without prejudice.

DATED: Honolulu, Hawai'i, June 28, 2010.

On the briefs:

Daniel G. Hempey,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

2