LAW LIBRARY

NO. 29857

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MICHAEL L. CARTER, Plaintiff-Appellant, v.
STATE OF HAWAIʻI, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0037; CR. NO. 04-1-1977)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Petitioner-Appellant Michael L. Carter (**Carter**) appeals from the Findings of Fact, Conclusions of Law and Order Denying Petition for Post-Conviction Relief (**Order Denying Post-Conviction Relief**) filed on May 6, 2009 by the Circuit Court of the First Circuit, State of Hawaiʻi (**Circuit Court**).[1].

Carter was charged by way of indictment with the following counts:

1. Sexual assault in the first degree in violation of Hawaii Revised Statutes (**HRS**) § 707-730(1)(a) (Supp. 2003) against KE;
2. Sexual assault in the third degree in violation of HRS § 707-732(1)(f) (Supp. 2003) against KE;
3. Impersonating a law enforcement officer in the second degree in violation of HRS § 710-1016.7 (Supp. 2001) between March 19, 2004 to and including March 21, 2004;
4. Sexual assault in the first degree in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(a) (Supp. 2004) against JA;
5. Impersonating a law enforcement officer in the second degree in violation of HRS § 710-1016.7 (Supp. 2001) on August 21, 2004;
6. Attempted sexual assault in the first degree in violation of HRS § 707-730(1)(a) (Supp. 2003) against SP;
7. Kidnapping in violation of HRS § 707-720(1)(d) (Repl. 1993) against SP;
8. Sexual assault in the third degree in violation of HRS § 707-732(1)(f) (Supp. 2003) against RC;
9. Sexual assault in the first degree in violation of HRS § 707-730(1)(a) (Supp. 2003) against RC;

[1] The Honorable Michael A. Town presided.

10. Sexual assault in the first degree in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(a) (Supp. 2003) against RC;

11. Sexual assault in the third degree in violation of HRS § 707-732(1)(f) (Supp. 2003) against RC;

12. No bill was obtained for count 12; and

13. Impersonating a law enforcement officer in the second degree in violation of HRS § 710-1016.7 (Supp. 2001) on April 2, 2004.

After an unsuccessful motion to dismiss the indictment, on April 25, 2005, pursuant to a plea agreement, Carter entered a plea of guilty to: charges of sexual assault in the second degree for counts 1, 4, 9, and 10; charges of sexual assault in the third degree for counts 2, 8, and 11; charges of impersonating a law enforcement officer in the second degree for counts 3, 5, and 13; attempted sexual assault in the second degree for count 6; and a B felony kidnapping for count 7.

The State filed a Motion for Sentencing of Repeat Offender which sought imposition of a mandatory minimum term of imprisonment of 3 years and 4 months for count 1 and 1 year and 8 months for count 2. An Amended Judgment was entered on July 20, 2005 and Carter was sentenced as follows: ten years of incarceration for counts 1, 4, 6, 7, 9, and 10; five years of incarceration for counts 2, 8, and 11; and one year of incarceration for counts 3, 5, and 13. The terms of incarceration were ordered to be served concurrently.

On September 12, 2008, Carter filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Rule 40 Petition**). In the Rule 40 Petition, Carter raised fourteen issues, a number of which are raised on appeal. On January 5, 2009, Carter filed a Motion to Amend Petition Pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40(e) and withdrew his allegation of ineffective assistance of counsel.

The State opposed the Rule 40 Petition on January 9, 2009. On March 16, 2009, Carter filed a motion to amend the Rule 40 Petition to include an allegation that the prosecuting

attorney presented false DNA evidence to the Hawaiʻi Paroling Authority and the Circuit Court.

On May 6, 2009, the Circuit Court denied the Rule 40 Petition without a hearing. Carter filed a notice of appeal on May 28, 2009.

On appeal, Carter raises the following issues:

1. Whether the prosecuting attorney and Detective Kim committed perjury before the grand jury;

2. Whether the Circuit Court denied Carter his right to due process and a fair and impartial grand jury by allowing Detective Kim to testify regarding statements made by RC;

3. Whether Detective Kim's false testimony was material;

4. Whether RC was unavailable to testify before the grand jury;

5. Whether the prosecuting attorney withheld clearly exculpatory evidence from the grand jury;

6. Whether the prosecuting attorney committed misconduct in the presentation to the grand jury;

7. Whether Carter's plea was voluntary in light of the errors in the grand jury proceedings;

8. Whether Carter was denied the effective assistance of counsel;

9. Whether Carter was entitled to a hearing on his Rule 40 Petition; and

10. Whether the Rule 40 Petition was patently frivolous and without a trace of support.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Carter's point of error as follows:

It appears that: (1) Carter waived the issues he now seeks to raise on appeal and therefore the Circuit Court did not

err in denying the Rule 40 Petition without a hearing; and (2) the Circuit Court did not abuse its discretion in denying Carter's request to withdraw his guilty plea.

Issues 1-6 raised by Carter on appeal relate to the evidence presented to the grand jury. These claims of nonjurisdictional errors in the grand jury proceedings were waived by Carter's guilty plea. The general rule, which is applicable here, is that a guilty plea bars all claims of error in the proceedings other than jurisdictional defects. See State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990); Tomomitsu v. State, 93 Hawaiʻi 22, 995 P.2d 323 (App. 2000).

Nor do Carter's claim of errors in the grand jury proceedings justify a withdrawal of Carter's plea. The guilty plea form executed by Carter in open court on April 25, 2005 reflects a knowing and voluntary plea of guilty accompanied by admissions of fact supporting his conviction. The guilty plea form reflects Carter's understanding of the possible penalties he faced including the maximum terms and the possible mandatory minimum terms. In addition, the transcript of the April 25, 2005 hearing, which was attached as an exhibit to the State's answer to the Rule 40 petition, supports the conclusion that Carter knowingly, intelligently, and voluntarily entered guilty pleas to the charges.

A guilty plea may be withdrawn after the imposition of sentence only if it "is necessary to correct manifest injustice." HRPP Rule 32(d). Manifest injustice exists when the plea is either involuntary, was made without a full understanding of its direct consequences, or there has been a breach of a plea agreement. "Manifest injustice occurs when a defendant makes a plea involuntarily or without knowledge of the direct consequences of the plea." State v. Nguyen, 81 Hawaiʻi 279, 292, 916 P.2d 689, 702 (1996); Barnett v. State, 91 Hawaiʻi 20, 28, 979 P.2d 1046, 1054 (1999). In State v. Adams, 76 Hawaiʻi 408,

879 P.2d 513 (1994), the Hawai'i Supreme Court also found manifest injustice where the State failed to uphold its end of a plea bargain. Id. at 414, 879 P.2d at 519. In the absence of any evidence that the plea was involuntary, that Carter did not know the direct consequences of his plea, or that the State breached the plea agreement, the Circuit Court did not abuse its discretion in denying Carter's challenge to the voluntariness of the guilty plea.

Carter expressly waived the claim of ineffective assistance of counsel. Relief under HRPP Rule 40 is not available for issues that have been waived. "Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived." HRPP Rule 40(a)(3).

As part of his claim of ineffective assistance of counsel on appeal, Carter refers to a partial document in which the prosecuting attorney, in reference to the offense against JA, stated that "Defendant denied committing the offense despite the fact that his DNA was found in a condom left at the scene." Carter also attached a letter from the Department of the Attorney General which stated: "We are only aware of the DNA sample given on February 24, 2004." Carter first raised an issue regarding the DNA sample in his March 16, 2009 motion to amend his Rule 40 Petition, in which he stated that the prosecuting attorney presented false DNA evidence to the Hawai'i Paroling Authority and the Circuit Court. Carter did not attach any exhibits to the motion to amend or explain the basis for his allegation that the prosecuting attorney used false DNA evidence. HRPP Rule 40(c)(1) requires a petition for relief under the rule to contain "in summary form the facts supporting each of the grounds thus specified." Carter failed to present to the Circuit Court any facts to support his claim of falsified DNA evidence.

Even if the prosecuting attorney was mistaken about the DNA evidence, Carter fails to explain how he might have been prejudiced by the mistake or misstatement in light of his admission that he committed acts constituting the offense charged in count 4. Absent some showing of prejudice, Carter has failed to demonstrate that he is entitled to relief from judgment. "No order, judgment, or sentence shall be reversed or modified unless the court is of the opinion that error was committed which injuriously affected the substantial rights of the appellant." HRS § 641-16 (1993).

In the absence of manifest injustice requiring the withdrawal of the guilty plea, and in light of the waiver of claims relating to the grand jury proceedings and ineffective assistance of counsel, we conclude that the Circuit Court did not err in concluding that the Rule 40 Petition failed to state a colorable claim and/or in denying the Rule 40 Petition without a hearing. See Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994).

For these reasons, the Circuit Court's May 6, 2009 Order Denying Post-Conviction Relief is affirmed.

DATED: Honolulu, Hawai'i, July 14, 2010.

On the briefs:

Michael L. Carter
Pro Se Petitioner-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge