**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000545
17-JUN-2022
07:56 AM
Dkt. 61 SO**

NO. CAAP-20-0000545

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ROMAN SEMES, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PC151001014(3))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Roman Semes (**Semes**) appeals from the August 4, 2020 Order Denying Defendant's Motion to Dismiss Count Five of the Indictment for Failure to State an Offense (**Order Denying Second Motion to Dismiss**), entered in the Circuit Court of the Second Circuit (**Circuit Court**).[1]

Semes raises a single point of error on appeal, contending that the Circuit Court erred when it entered the Order Denying Second Motion to Dismiss.

---

[1] The Honorable Kelsey K. Kawano entered the Order Denying Motion. The Honorable Joseph E. Cardoza presided over the underlying criminal proceeding and entered the Judgment.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Semes's point of error as follows:

On April 2, 2018, the Circuit Court entered a Judgment; Conviction and Sentence; Notice of Entry (**Judgment**) in the underlying criminal proceeding. Pursuant to a plea agreement and guilty plea, Semes was convicted on two counts of Negligent Homicide in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-702.5 (2014), two counts of Negligent Injury in the First Degree, in violation of HRS § 707-705 (2014), and one count of Accidents Involving Death or Serious Bodily Injury, in violation of HRS § 291C-12 (2020) (**Count 5**),[2] and sentenced to consecutive terms of imprisonment, collectively totaling 40 years, including 10 years for Count 5. Prior to the entry of the Judgment, on March 22, 2018, Semes filed a motion to dismiss Count 5 for failure to state an offense (**First Motion to Dismiss**), which was orally denied at the sentencing hearing held on April 2, 2018, with a written order entered on August 14, 2018.

---

[2]     HRS § 291C-12 provides, in relevant part:

> **§ 291C-12  Accidents involving death or serious bodily injury.** (a)  The driver of any vehicle involved in an accident resulting in bodily injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of section 291C-14. Every such stop shall be made without obstructing traffic more than is necessary.

On November 18, 2018, Semes filed a direct appeal from the Judgment (CAAP-18-0000898), challenging the Circuit Court's denial of his demand for a jury trial on the issue of consecutive sentences on due process grounds, but not arguing that (1) the Circuit Court abused its discretion in imposing consecutive sentences, or (2) the Circuit Court erred in denying the First Motion to Dismiss. This court affirmed the Judgment, and Semes's petition for writ of certiorari was ultimately dismissed.

Subsequent to the filing of Semes's direct appeal in CAAP-18-0000898, on March 13, 2020, the supreme court issued State v. Baker, 146 Hawaiʻi 299, 463 P.3d 956 (2020), where it assessed whether a charge must include that "every such stop be made without obstructing traffic more than is necessary" when charging a driver with the offense of not stopping at an accident scene and providing the required information under HRS § 291C-13 (2020).[3] Id. at 302, 463 P.3d at 959. The supreme court held that, "[t]he requirement that the stop was made without obstructing traffic more than is necessary is thus a requisite aspect of proof of the offense when the driver stops at, or forthwith returns to, a location that the State contends is not as close as 'possible' to the accident scene." Id. at 307, 463 P.3d at 964.

---

[3] As the State acknowledges, although HRS § 291C-13 involves the offense of Accidents Involving Damage to Vehicle or Property, the identical subject phrase is contained in HRS § 291C-12.

3

Thereafter, on June 12, 2020, Semes filed a second Motion to Dismiss [Count 5] for Failure to State an Offense, citing Baker (**Second Motion to Dismiss**).  In opposition, the State noted that the motion was procedurally improper, as Semes should have sought relief pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40, and argued that by pleading guilty to Count 5, Semes was precluded from challenging the charge on collateral review because the failure to allege an element of an offense is a non-jurisdictional defect.  After a hearing on the motion, the Circuit Court entered the Order Denying Second Motion to Dismiss, and this appeal followed.

We review the Order Denying Second Motion to Dismiss as a denial of a nonconforming HRPP Rule 40 petition.

As argued by the State, pursuant to a plea agreement that included the dismissal of certain counts against Semes, Semes pleaded guilty to the remaining counts, including Count 5.  Semes thereafter moved to dismiss Count 5 for failure to allege an element of the offense after his guilty plea.

"[A] guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings."  State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990).  The omission of an element of an offense is a nonjurisdictional claim.  Schwartz v. State, 136 Hawaiʻi 258, 282, 361 P.3d 1161, 1185 (2015) ("[T]he failure of a charging

4

instrument to allege an element of an offense does not constitute a jurisdictional defect that fails to confer subject-matter jurisdiction to the district court."). The Second Motion to Dismiss, which sought dismissal of Count 5 for failure to include an element of the offense, raised a nonjurisdictional claim. Thus, we conclude that the Circuit Court did not err in denying the Second Motion to Dismiss.

Accordingly, the Circuit Court's August 4, 2020 Order Denying Second Motion to Dismiss is affirmed.

DATED: Honolulu, Hawaiʻi, June 17, 2022.

On the briefs:

Keith S. Shigetomi,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge