**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000425**
**25-OCT-2022**
**07:50 AM**
**Dkt. 44 SO**

NO. CAAP-20-0000425


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI


CODY JOSEPH PRESTI, Petitioner-Appellant,
v.
STATE HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPN-19-0000001)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Petitioner-Appellant Cody J. Presti (**Presti**), self-represented, appeals from the May 20, 2020 Findings of Fact (**FOFs**), Conclusions of Law (**COLs**), and Order Denying Petition for Post-Conviction Relief entered by the Circuit Court of the Second Circuit (**Circuit Court**).[1]  The Circuit Court denied Presti's Ex Parte Motion To Reduce Charge filed December 23, 2019, after construing it as a Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 Petition (**Rule 40 Petition**).

On appeal, Presti contends the Circuit Court erroneously denied his Rule 40 Petition without a hearing.[2]

---

[1] The Honorable Richard T. Bissen, Jr. presided.

[2] Presti's opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure.  However, to promote access to justice, the Hawaiʻi Supreme Court instructs that pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not automatically be foreclosed from appellate review because they fail to comply with court rules.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  Accordingly, we address what we discern to be Presti's arguments.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we affirm.

Presti's Rule 40 Petition raised three grounds for relief: (1) invalid plea agreement; (2) ineffective assistance of counsel; and (3) insufficient evidence for conviction. The Circuit Court denied the Petition without a hearing on grounds that Presti's claims were "patently frivolous, without a trace of support and the issues were waived." We review a denial of a Rule 40 petition without a hearing *de novo*, under the right/wrong standard of review. Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).

Presti does not challenge the Circuit Court's FOFs, which are therefore "binding upon this court." State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019) (citations and internal quotation marks omitted). Presti was indicted for Robbery in the Second Degree on January 26, 2018. FOF 1. Pursuant to a plea agreement, Presti pled no contest to the amended charge of Theft in the Second Degree on August 16, 2018. FOFs 5, 6. The Circuit Court accepted Presti's plea and found that Presti voluntarily, knowingly, and intelligently entered the plea with a full understanding of the nature of the charge and the consequences of his plea. FOFs 14, 15. The pertinent findings state:

> 6. Pursuant to a plea agreement, PRESTI changed his plea from not guilty to no contest, and a change of plea form was submitted to the Court.
>
> . . . .
>
> 8. PRESTI signed the acknowledgment included in the change of plea form in open court, which states that, "I acknowledge that the Judge questioned me personally in open court to make sure that I knew what I was doing in pleading no contest and understood this form before I signed it."
>
> . . . .
>
> 12. PRESTI confirmed that he discussed all of the evidence and received advice on the law from his attorney, and did not want to contest the charge against him.
>
> 13. PRESTI confirmed that he was pleading of his own free will, and that nobody was pressuring him or threatening him or any other person to force him to plead, and that he

was not taking the blame or pleading to protect another person from prosecution.

14. The Court found that PRESTI voluntarily, knowingly, and intelligently entered into the plea with a full understanding of the nature of the charge against him and the consequences of his plea.

On November 8, 2018, Presti was sentenced to five years of imprisonment. FOF 16. Presti filed the Rule 40 Petition on December 23, 2019; the State filed its response; Presti filed a reply; and the Circuit Court denied the petition without a hearing on May 20, 2020.

(1) In the Rule 40 Petition, Presti argued that he was coerced into accepting the plea agreement, which the Circuit Court construed as an argument that Presti's conviction was obtained without understanding the nature of the amended charge and the consequences of his plea (**Ground One**).

Ground One is without merit. A "[no contest] plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings." State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990). Ground One is nonjurisdictional because it does not challenge the Circuit Court's jurisdiction over the case. See Schwartz v. State, 136 Hawaiʻi 258, 281, n.42, 361 P.3d 1161, 1184 n.42 (2015) (describing a jurisdictional defect as one that precludes the court from "exercising criminal jurisdiction"). Based on the unchallenged findings above, the Circuit Court did not err in concluding that Presti's claims were patently frivolous and without trace of support in the record, and denying the petition without a hearing. See HRPP Rule 40(f) ("[T]he court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support . . . in the record[.]"); Dan, 76 Hawaiʻi at 427, 879 P.2d at 532.

(2) In the Rule 40 Petition, Presti argued that in February 2019, after Presti was sentenced, his attorney failed to assist him with obtaining a duplicate copy of a lost affidavit, which the Circuit Court construed as a claim of ineffective

assistance of counsel (**Ground Two**).  The Rule 40 Petition claimed that this affidavit from "Johnathan Bisutti"[3] would support Presti's claim that the "amount taken in said theft was no more than $260.00," and that because Presti was "not the main perpetrator but rather an accomplice acting under duress," there were "mitigating factors" to warrant a reduction of the Theft in the Second Degree charge to Theft in the Third Degree.

Ground Two is without merit, where the Circuit Court's unchallenged finding that Presti voluntarily, knowingly, and intelligently entered the plea, precludes subsequent nonjurisdictional challenges.  See Morin, 71 Haw. at 162, 785 P.2d at 1318.  The record reflects that Presti's original charge of Robbery in the Second Degree was reduced to Theft in the Second Degree pursuant to a plea agreement, and Presti pled no contest to the reduced charge.  The Circuit Court did not err in concluding that Ground Two was patently frivolous where any error or omission by Presti's attorney regarding a lost affidavit in February 2019 could not affect any potentially meritorious defense, because any nonjurisdictional challenges to the conviction were waived.  See Maddox v. State, 141 Hawai‘i 196, 202, 407 P.3d 152, 158 (2017) (citation omitted) (brackets in original) (setting forth the elements to prevail on a claim of ineffective assistance of counsel as:  "(1) 'specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment[,] or diligence'; and that (2) 'those errors or omissions resulted in the withdrawal or substantial impairment of a potentially meritorious defense.'"); Morin, 71 Haw. at 162, 785 P.2d at 1318.  The Circuit Court's denial of the petition without a hearing was not erroneous.  See HRPP Rule 40(f); Dan, 76 Hawai‘i at 427, 879 P.2d at 532.

---

[3]     We take judicial notice that "Johnathan Bisutti" (**Bisutti**) was indicted as a co-defendant with Presti in 2CPC-18-0000057, and charged with Robbery in the Second Degree and Assault in the Second Degree.  See Hawai‘i Rules of Evidence Rule 201; State v. Kwong, 149 Hawai‘i 106, 117, 482 P.3d 1067, 1078 (2021).  Bisutti was convicted of Assault in the Second Degree and was sentenced on November 1, 2018.

(3) In the HRPP Rule 40 Petition, Presti alleged several facts:

A. ". . . I was both assaulted and threatened in order to coherce [sic] my compliance in the above theft . . .";

B. ". . . the amount taken in said theft was no more than $260.00 and I did not keep any of that money, therefore I was not a beneficiary of the fruit of the crime."; and

C. ". . . I was not the main perpetrator but rather an accomplice acting under duress, and there are several mitigating factors in this case; it is appropriate that this carge [sic] be reduced to theft in the third degree."

FOF 17. The Circuit Court construed these statements, collectively, as a claim of insufficient factual basis for conviction (**Ground Three**).

For the same reasons set forth above, Ground 3 is without merit, as Presti is precluded from raising nonjurisdictional challenges to his conviction where he pled no contest. See Morin, 71 Haw. at 162, 785 P.2d at 1318. The Circuit Court did not err in concluding that Ground 3 was patently frivolous and without a trace of support in the record, and in denying the petition without a hearing. See HRPP Rule 40(f); Dan, 76 Hawaiʻi at 427, 879 P.2d at 532.

For the foregoing reasons, the May 20, 2020 Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief, entered by the Circuit Court for the Second Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, October 25, 2022.

On the briefs:

Cody Joseph Presti,
Self Represented.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge