**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000365
16-DEC-2025
08:01 AM
Dkt. 84 SO**

NO. CAAP-23-0000365

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KENNETH EDWARD TEXEIRA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-21-026478)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and McCullen, JJ.)

This appeal raises 15 points of error (**POEs**), purportedly challenging rulings on pre-trial motions and a discovery issue, issues regarding the defendant's change of plea, and motion to withdraw the plea, stemming from an underlying case where defendant pled no contest without a conditional plea.[1]  We affirm.

---

[1]    "A conditional plea is an exception to the general rule precluding nonjurisdictional appeals after a guilty or a no contest plea[.]" State v. Kealaiki, 95 Hawai'i 309, 314, 22 P.3d 588, 593 (2001).  Hawai'i Rules of Penal Procedure (**HRPP**) Rule 11(a)(2) provides for conditional pleas, as follows: "With the approval of the court and the consent of the State, a

Defendant-Appellant Kenneth Edward Texeira (**Texeira**) appeals from the April 26, 2023 "Judgment and Notice of Entry of Judgment" (**Judgment**) entered by the District Court of the Third Circuit (**District Court**).[2]

On April 26, 2023, Texeira pled no contest to Excessive Speeding under Hawaii Revised Statutes (**HRS**) § 291C-105(a) pursuant to a plea agreement, under which Texeira was sentenced to a fine, community service, and a 30-day license suspension, in exchange for Plaintiff-Appellee State of Hawaiʻi (**State**) pursuing only the statutorily required minimum fine and dropping its second Excessive Speeding charge under HRS § 291C-105(b), consistent with the plea agreement.

On appeal, Texeira contends the District Court erred by: **(1)** "allow[ing]" the custodian of records of the Hawaiʻi County Police Department "to proceed" on an "improperly filed civil motion to quash"; **(2)** denying Texeira's motion to dismiss, where the State "fail[ed] to file and serve a complaint," "failed to provide [Texeira] with a copy of a citation," and "failed to orally read the . . . charges"; **(3)** denying Texeira's motion to dismiss, where the State "fail[ed] to allege mens rea"; **(4)** denying Texeira's motion to stay proceedings to allow Texeira to file an interlocutory appeal; **(5)** denying Texeira's motion to dismiss, where the State "orally arraign[ed] [Texeira] for the first time at trial"; **(6)** denying Texeira's motion to

---

defendant may enter a conditional plea . . . of nolo contendere [(no contest)], reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion." Id. (quoting HRPP Rule 11(a)(2)) (emphasis omitted). The right to appellate review following a no contest plea is preserved only for "specified" pretrial motions, and must be reserved in writing. See id. This was not done in this case.

[2]     The Honorable Jill M. Hasegawa presided.

dismiss, where Texeira was charged for violations under both HRS § 291C-105(a)(1) and (a)(2), despite the "statute specifically stat[ing] that the [State] may only charge one or the other charge"; **(7)** denying Texeira's motion to dismiss, where the "citation stat[ed] [a] violation based on 81+ miles [and] the [State] charged 80+"; **(8)** accepting Texeira's change of plea "knowing that his change of plea was not intelligent, knowing or voluntary";[3] **(9)** allowing trial to proceed despite "being informed that the [State] did not want to turn over discovery"; **(10)** informing Texeira that "he had no right to appeal"; **(11)** informing Texeira "of the counts against him when there were no charges against him"; **(12)** "ma[king] erroneous findings of fact and conclusions of law against [Texeira]"; **(13)** not following HRPP Rule 11; **(14)** "schedul[ing] the motion to withdraw the change of plea in front of the judge who sentenced [Texeira]"; and **(15)** "continu[ing] [to] review . . . the case after the change of plea and sentenc[ing]" despite "Judge Hasegawa [becoming] an alleged witness."

Texeira's Opening Brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28 in a number of respects. The brief does not comply with the format required by Rule 28. The pertinent history and facts are difficult to ascertain due to the argumentative tone and conclusory assertions that permeate the entire brief. Record references are inconsistently provided, and when provided are often insufficient, lacking a docket number or electronic page numbers. See HRAP Rule 28(b)(3), (b)(4), and (b)(7) (requiring

---

[3]     Texeira's claim that his change of plea was defective is not ripe. Texeira challenged the validity of the April 26, 2023 change of plea after the hearing, by filing a motion to withdraw plea on May 6, 2023. Due to the filing of this appeal, the District Court did not rule on the motion, and it remains pending.

record references that "include a description of the document referenced, the JIMS or JEFS docket number and electronic page citations"). Not all the POEs comply with HRAP Rule 28(b)(4)(iii), showing how the alleged error was preserved, by objection or indicating how it was brought to the District Court's attention. The argument does not correspond to the POEs, and for some POEs no argument is presented. See HRAP Rule 28(b)(7) (requiring argument "on the points presented" and providing "[p]oints not argued are deemed waived"). Such noncompliance with HRAP Rule 28 impedes expeditious appellate review.

In response to Texeira's 15 POEs raised on appeal, the State argues that Texeira failed to preserve the POEs because he "entered a non-conditional plea, and therefore has not properly preserved any issues relating to nonjurisdictional defects in the proceedings." This argument has merit.

"Generally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings." State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) (citations omitted). "A plea of nolo contendere is equivalent to a plea of guilty in terms of waiving alleged nonjurisdictional defects." Id. (citations omitted).

> Although the defendant may still challenge the sufficiency of the indictment or other like defects bearing directly upon the government's authority to compel the defendant to answer to charges in court, claims of nonjurisdictional defects in the proceeding, such as unlawfully obtained evidence and illegal detention, will generally not survive the plea.

Id. (citation omitted). Without a conditional plea under HRPP Rule 11(a)(2), a defendant must plead not guilty and go to trial

4

to preserve the right to appeal nonjurisdictional issues.  See
id.

> A criminal trial fully activates a defendant's right to
> confront accusers, testify, or not testify, present a
> complete defense, and have the prosecution prove each
> element of the charged or included offenses beyond a
> reasonable doubt. . . . By pleading guilty or no contest,
> defendants renounce these core constitutional rights, forgo
> a public trial, and subject themselves to the government's
> punitive power.

State v. Pedro, 149 Hawaiʻi 256, 271, 488 P.3d 1235, 1250 (2021).

Here, because Texeira did not enter a conditional plea
and did not go to trial and instead pled no contest, Texeira
waived the right to challenge any alleged nonjurisdictional
defects on appeal.  None of the 15 POEs expressly challenge
jurisdiction, but we address what appears to be a jurisdictional
argument on pages 26-29 of the Opening Brief, that: "there was
no jurisdiction on the basis that there was no charging
instrument"; and "the district court plainly erred in accepting
his no contest plea and by sentencing him when there was no
charging instrument."

**Texeira's jurisdictional argument**

It appears that Texeira is claiming that the citation
did not exist, and Texeira never received it, as follows:
"[n]either the [State] nor [Texeira] made any allegation of fact
that an alleged citation that [Texeira] allegedly received, when
he was allegedly ticketed, contained a count 1, 2 or 3"; Texeira
"maintains that he did not receive any such type of citation";
and Texeira "was not served with any complaint."  Texeira claims
"[t]he defect in this case, that there was no charge, means that
there was no jurisdiction."  While Texeira's argument is
difficult to discern, Texeira appears to disagree that HRS

5

§ 803-6 "provides a basis for a police officer to charge a traffic crime."

HRS § 803-6(b) (2014) provides "[i]n any case in which it is lawful for a police offer to arrest a person without a warrant for a misdemeanor, petty misdemeanor or violation, the police officer may, but need not, issue a citation in lieu of [arrest under HRS § 803-6](a)[.]"

Here, the record reflects an August 6, 2021 Excessive Speeding citation against Texeira issued by a Hawaiʻi County Police Department officer.  A violation of HRS § 291C-105 is a petty misdemeanor.  The citation was signed by the complainant police officer; signed by Texeira acknowledging his agreement to appear before the district court on September 7, 2021; and otherwise complied with the requirements of HRS § 803-6.  The record reflects Texeira appeared before the district court on September 7, 2021.  The only pertinent authority that Texeira cites to support his jurisdictional argument is a quote from Schwartz v. State, 136 Hawaiʻi 258, 264, 361 P.3d 1161, 1167 (2015), that "jurisdiction of the district court is invoked by the charging instrument."  The record in this case contains a charging instrument.  Texeira's argument lacks merit.

For the foregoing reasons, we affirm the April 26, 2023 Judgment of the District Court.

DATED:  Honolulu, Hawaiʻi, December 16, 2025.

On the briefs:

Jamae K. K. Kawauchi,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge