**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000067
11-MAR-2021
07:53 AM
Dkt. 47 SO

NO. CAAP-20-0000067

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
VICTORIA I. SATOAFAIGA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-17-0000969(1))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Victoria I. Satoafaiga (**Satoafaiga**)

appeals from the January 22, 2020 Judgment; Conviction and

Sentence; Notice of Entry (**Judgment**) entered against her by the

Circuit Court of the Second Circuit (**Circuit Court**).[1]  Satoafaiga

pleaded no contest to, and was convicted of, one count of Sexual

Assault in the Fourth Degree, in violation of Hawaii Revised

Statutes (**HRS**) § 707-733 (2014),[2] and one count of Custodial

---

[1]    The Honorable Rhonda I.L. Loo presided.

[2]    HRS § 707-733 provides, in pertinent part:

> **§ 707-733  Sexual assault in the fourth degree.**  (1) A
> person commits the offense of sexual assault in the fourth
> degree if:
>     (a)    The person knowingly subjects another person to
>            sexual contact by compulsion or causes another
>                                        (continued...)

Interference in the Second Degree, in violation of HRS § 707-727 (2014).[3]

Satoafaiga raises a single point of error on appeal, contending that the Circuit Court abused its discretion in denying Satoafaiga's March 25, 2019 Motion to Defer; [acceptance of her] No Contest Plea (**Motion for DANC**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Satoafaiga's point of error as follows:

Satoafaiga argues that she met each of the requirements for deferral under HRS § 853-1 (2014). In addition, Satoafaiga contends that the Circuit Court "exceeded the bounds of reason by finding that Satoafaiga is likely again to engage in a criminal course of conduct"; inappropriately considered uncharged and irrelevant conduct, used Satoafaiga's failure to admit guilt

---

(...continued)
person to have sexual contact with the actor by compulsion[.]
. . . .
(2) Sexual assault in the fourth degree is a misdemeanor.

[3]     HRS § 707-727 provides, in pertinent part:

**§ 707-727  Custodial interference in the second degree.**  (1) A person commits the offense of custodial interference in the second degree if:
(a) The person intentionally or knowingly takes, entices, conceals, or detains a minor knowing that the person has no right to do so[.]
. . . .
(2) Custodial interference in the second degree is a misdemeanor, if the minor or incompetent person is taken, enticed, concealed, or detained within the State.

against her; and improperly "exclud[ed] Satoafaiga from that class of first-time or situational offenders whom the legislature found deserving of the opportunity to keep their record free of a felony conviction."

HRS § 853-1 provides, in pertinent part:

> **§ 853-1  Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of records.**  (a) Upon proper motion as provided by this chapter:
>> (1)  When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;
>> (2)  It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; **and**
>> (3)  The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,
>
> the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, **may** defer further proceedings.

(Emphasis added).[4]

> The grant or denial of a motion for a DANC plea is within the discretion of the district court and will not be disturbed unless there has been manifest abuse of discretion.  State v. Tom, 69 Haw. 602, 603, 752 P.2d 597, 597 (1988).  "An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  State v. Davia, 87 Hawaiʻi 249, 253, 953 P.2d 1347, 1351 (1998) (internal quotation marks and citation omitted).

State v. Klie, 116 Hawaiʻi 519, 521-22, 174 P.3d 358, 360-61 (2007).

When ruling on a motion for DANC, a trial court acts within its discretion where the court (1) considers the HRS

---

[4]      We note that where, as here, statutory provisions are written in the conjunctive, "[i]t is not enough to satisfy one clause only.  All . . . of the clauses must be satisfied."  In re Appeal of Century Metalcraft Corp., 41 Haw. 508, 515-16 (Haw. Terr. 1957).  Thus, if the Circuit Court properly concluded that any one of the HRS § 853-1(a) criteria was not satisfied, Satoafaiga's arguments on appeal will fail.

§ 853-1(a) factors in light of the circumstances of the offense, Presentence Diagnosis and Report (**PSI**), statements of defendant's counsel and defendant, and available alternatives; and (2) articulates relevant and significant findings based in the record to support its decision. See State v. Buchanan, 59 Haw. 562, 564, 584 P.2d 126, 127 (1978) (per curiam); State v. Karwacki, 1 Haw. App. 157, 159-60, 616 P.2d 226, 228-29 (1980) (per curiam).

Here, at the January 22, 2020 sentencing hearing, the Circuit Court considered Satoafaiga's Motion for DANC with specific reference to, *inter alia*, the HRS § 853-1(a) factors, the submissions of the parties, and the circumstances of the offense as set forth in the PSI. The court found that the first factor was satisfied by Satoafaiga's voluntary plea.

The Circuit Court looked very closely at the second criteria, whether it appears that the defendant is not likely again to engage in a criminal course of conduct, and the third criteria, that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, and stated:

> Ms. Satoafaiga at the time of the offense was 27 years old. The child victim was 12. So she was double her age, twice her age, should have known twice as much. Twice as mature, allegedly.
>
> I agree, Ms. Satoafaiga has a lot of support of family and friends. She has countless letters from family members, from coworkers, from people from the Guard that you work with, people from the farm that you work at right now. And they're, yes, lovely, lovely letters, lots of letters, and all speak very glowing of you.
>
> But it's interesting because all these letters know you in a different relationship. They know you as adult to

adult. They know you as coworker to coworker. They know you as employer to employee or family member to family member.

In this case, it was a different kind of relationship. It was a child with an adult. It was someone who's supposed to be her mentor, someone who's her supervise -- not supervisor -- is like teacher/student, is mentor/mentee, is like adult and child, someone that's in your care.

So the relationship was totally different than all these letters that were written on your behalf because the relationship with the people who wrote these very nice letters are different. They're not children. They're not someone that is under your care, someone that you're responsible for. Totally, totally different situation.

Have you truly taken responsibility and apologized? I guess does it appear that you're unlikely to engage in such a criminal course of conduct again?

Well, you do admit in your letter that you engaged in inappropriate text messages. But this was more than text messaging. It was penetration with a finger to a vagina. And the problem is, is that inappropriate text messaging might be a few messages here and there or maybe even a couple of messages here and there, but 15,978 messages were exchanged. That means it wasn't just the child sending you 15,978 messages. It means there was an exchange going on between the two of you. So talk about some inappropriate behavior.

Some of these message were totally sexually explicit and some not so. "I'll put my big dick on your mouth if I had one. Might just leave them on and move your panties to the side. You want to feel me in you? I can't take it slow. I'm so frustrated -- I'm too frustrated. I'd black out. Turn off the light, lock the door behind you. Pick you up. Rub your thighs, kiss your neck, grab your ass, let you grind on me. Put my tongue in your mouth and let you do your thing. Pick you up and put you on my bed. Take off my shirt, crawl into the bed with you. Take off your shirt and your pants," and so on and so forth and so on and so forth.

So does this appear like someone that's not likely to engage in a criminal course of conduct? I think if this was a one-time incident -- and I understand it's only two counts that she's pleading to, but the 15,978 -- well, not all were inappropriate, obviously. But this is over a four-month period, so by my simple math calculations, over 4,000 messages that were going back and forth. So obviously I don't think -- I think this was definitely more than inappropriate text messaging.

Do the ends of justice and welfare of society dictate that you suffer the penalty imposed by law?

I'm really concerned because I looked up the Boys & Girls motto, and it talked about how one should be a mentor, be a role model, improve the lives of the youth, you know,

counter -- counter -- counter any kind of negative influences on a youth's life and keep them engaged.

I think the behavior here is totally just the opposite of what the Boys & Girls Club is supposed to be -- you're supposed to be. I mean, you were the director of the Central Maui Boys & Girls Club. This little 12-year-old was coming to the Boys & Girls Club to -- to engage in activities, to look up to role models, to be mentored by a female or a male, but something to improve her life. You know, that's why she was going to the Boys & Girls Club.

And I think everything you did to her, besides the digital penetration and the custodial interference, dealing with taking her out to the breakwater when she was supposed to be going home, and her guardians come to pick her up from the Boys & Girls Club and she's not there, and they're going crazy, where's my kid, where's my daughter, looking all over for her. And at two o'clock or four o'clock the next morning, finally a phone call comes in from your partner, Noe, letting Ms. Matsuda know that the child is at your house. So she's gone for, I don't know, 4:30 in the afternoon the day before to like 3:00 or 4:00 a.m. the next morning. She's in your -- she's in your trust, she's in your care this whole time. You were responsible for her, and she ends up with hickeys on her chest during this time. I mean, talk about a negative influence on a child.

So the Court does find -- it appears to the Court that the defendant is likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society, especially the welfare of our children, our little girls, our female children, do not -- do require that the defendant shall presently suffer the penalty imposed by law. So the Court is going to deny the motion for the deferred acceptance. This matter should and will be on your record.

Satoafaiga argues that there is nothing in her past that even arguably supports the Circuit Court's determination that she is likely again to engage in criminal conduct, pointing to the "[f]actors supporting the withholding of a jail term and/or a sentence of imprisonment" set forth in the PSI, particularly her lack of prior delinquency or criminal activity and that her character and attitude and history indicate that she is unlikely to commit another crime. Other factors identified in the PSI, "[f]actors supporting the imposition of a jail term and/or a sentence of imprisonment," cut the other way, including

that Satoafaiga acted without provocation or without reasons which (while not amounting to a defense) would have rendered her conduct understandable, and that Satoafaiga's actions indicate or suggest a significant lack of control and good judgment. In any case, in light of the Circuit Court's stated rationale, and the entire record in this case, we cannot conclude that the Circuit Court's determination that Satoafaiga did not satisfy the second and third criteria was arbitrary or capricious. We conclude that Satoafaiga's argument that the Circuit Court abused its discretion is without merit.

Satoafaiga further argues that the Circuit Court inappropriately used her failure to admit guilt and accept responsibility for both charged and uncharged conduct against her. More specifically, Satoafaiga argues that the Circuit Court was prohibited from considering the allegation of "digital penetration" in Count II of the Indictment because the charge which contained the allegation was amended from Sexual Assault in the First Degree, a class A felony, to Sexual Assault in the Fourth Degree, a misdemeanor. Count II of the Indictment reads:

> That during or about the period of March 20, 2017, through March 24, 2017, inclusive, . . . SATOAFAIGA did knowingly engage in sexual penetration with another person who is less than fourteen (14) years old, by inserting her finger into the vagina of the minor, thereby committing the offense of Sexual Assault in the First Degree in violation of [HRS § 707-730(1)(b)].

Pursuant to the plea agreement, the charge in Count II was amended to Sexual Assault in the Fourth Degree, in violation of HRS § 707-733(1)(a). The plea agreement further provided,

*inter alia*, that Satoafaiga waived any procedural or substantive defects to the amendment of Count II of the Indictment and agreed to a factual basis to support the charges in Count II, which was that Satoafaiga "did knowingly engage in sexual penetration with another person who is less than fourteen (14) years old, by inserting her finger into the vagina of the minor."[5]  There was no other factual allegation or conduct charged in Count II.

As to Satoafaiga's contention that the Circuit Court improperly considered Satoafaiga's refusal to admit guilt and accept responsibility, we recognize the cases cited by Satoafaiga, in which the Hawaiʻi Supreme Court has held, *inter alia*:

> Although a sentencing court "has broad discretion in imposing a sentence, and can consider the candor, conduct, remorse, and background of the defendant," it "may not impose an enhanced sentence based on a defendant's refusal to admit guilt with respect to an offense the conviction of which he intends to appeal."

State v. Barnes, 145 Hawaiʻi 213, 219, 450 P.3d 743, 749 (2019) (citations and brackets omitted).

In State v. Kamanaʻo, 103 Hawaiʻi 315, 324, 82 P.3d 401, 410 (2003), which is also cited by Satoafaiga, the supreme court examined the "subtle, yet meaningful, distinction between imposing a harsher sentence upon a defendant based on his or her

---

[5]     We note that Sexual Assault in the Fourth Degree is a lesser included offense of Sexual Assault in the First Degree, and necessarily any allegation sufficient to establish the latter will also establish the former. See HRS § 701-109(4)(a) (Supp. 2019) ("A defendant may be convicted of an offense included in an offense charged in the felony complaint, indictment, or information.  An offense is so included when:  (a) It is established by proof of the same or less than all of the facts required to establish the commission of the offense charged[.]") (format altered).

lack of remorse, on the one hand, and punishing a defendant for his or her refusal to admit guilt, on the other[.]" Id. at 321-22, 82 P.3d at 407-08. There, the circuit court's "sentencing remarks" made clear that the defendant's term of imprisonment was extended "simply because [defendant] refused to surrender his privilege against self-incrimination[.]" See id. at 324, 82 P.3d at 410. The supreme court thus held that the circuit court violated the defendant's constitutional privilege against self-incrimination. See id. at 320, 82 P.3d at 406.

However, the denial of a motion for DANC is neither a conviction nor a sentence nor a punishment. See State v. Oshiro, 69 Haw. 438, 442, 746 P.2d 568, 570 (1987). Moreover, the record in this case demonstates that the Circuit Court did not deny Satoafaiga's motion solely on her refusal to admit her culpability for the offenses of which she was convicted. See Kamana'o, 103 Hawai'i at 320, 82 P.3d at 406. As the supreme court stated in Kamana'o, it is well-established that the circuit courts "may consider a defendant's lack of remorse in assessing the likelihood of successful rehabilitation." Id. at 321, 82 P.3d at 407. It was within the ambit of the court's authority to consider Satoafaiga's lack of remorse, or lack of taking responsibility, as part of the court's broader inquiry into whether the circumstances of the offenses supported granting or denying the instant motion. See State v. Naone, 92 Hawai'i 289, 307, 990 P.2d 1171, 1189 (App. 1999) ("It . . . behooves a

defendant whose DANC plea is accepted to acknowledge responsibility for his or her actions and strictly comply with the terms and conditions of a DANC plea order.  If a defendant is unwilling to do this, he or she is perhaps not a good candidate for a DANC plea.").

Based on our review of the entire record in this case, we reject Satoafaiga's argument that the Circuit Court inappropriately used her failure to admit guilt and accept responsibility for both charged and uncharged conduct against her.

Finally, Satoafaiga argues that the Circuit Court improperly excluded her offenses from eligibility for deferral under HRS § 853-1.  This argument is without merit.  The record clearly shows that the court did not find Satoafaiga unfit for deferral based on the class of her offenses, but rather on the specific circumstances surrounding their commission.  The Circuit Court fully considered Satoafaiga's Motion for DANC in light of the specific circumstances of the offenses underlying the plea and conviction.  Indeed, prior to the court's discussion of the HRS § 853-1(a) factors, the Court expressly acknowledged that Satoafaiga is not excepted from eligibility for deferral under the statute.

For these reasons, the Circuit Court's January 22, 2020 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, March 11, 2021.

On the briefs:

Hayden Aluli,
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge